1   Paul Hart, Esq., SBN 237766
    Dennis Lewis, Esq. SBN 262256
2   JOHNSON, MONCRIEF, & HART, PC
    16 West Gabilan Street
3   Salinas, CA 93901
    Telephone: (831) 759-0900
4   Facsimile: (831) 759-0902

5   Attorney for Defendants John Creighton, Kent Curley and David Gattis

6

7                       UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                            OAKLAND DIVISION

10

11  AFCM, INC., a California Corporation; and FO- )   Case No.  CV 11-04677
    FARMER'S OUTLET, INC., a California           )
12  Corporation,                                  )   NOTICE OF MOTION AND MOTION
                                                  )   TO DISMISS FOR FAILURE TO STATE
13               Plaintiffs,                       )   A CLAIM; MEMORANDUM OF
                                                  )   POINTS AND AUTHORITIES IN
14                                                 )   SUPPORT THEREOF
    v.                                            )
15                                                 )   [FRCP Rule 12(b)(6)]
                                                  )
16  ELITE GLOBAL FARMING AND                      )
    LOGISTICS, INC., a California Corporation;    )   DATE:     January 19, 2012
17  RICHARD ESCAMILLA, SR., an Individual;        )   TIME:     2:00 p.m.
    JOHN CREIGHTON, an Individual; STEPHEN        )   DEPT:     Courtroom 2, 4th Floor
18  WYRICK, and Individual; KENT CURLEY, an       )             Oakland
    Individual; DAVID GATTIS, an Individual;      )
19  AMBER RIGOR, an Individual; and RICHARD       )
    ESCAMILLA, JR., an Individual,                )
20                                                 )
                                                  )
21               Defendants.                       )

22  _____

23  __NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A__
                                __CLAIM__

24

25       TO  PLAINTIFFS  AFCM,  INC.,  FO-FARMER'S  OUTLET,  INC.,  AND  THEIR

26

27

28
                                    1

ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 19, 2012, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California, in the Courtroom of Judge Claudia Wilken, Courtroom 2, 4th Floor, pursuant to FRCP Rule 12(b)(6), Defendants John Creighton, Kent Curley, and David Gattis, will and hereby do move the Court for a Motion to Dismiss the Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action of Plaintiffs' Complaint, as well as Plaintiff AFCM's claims to damages and penalties under the California Producer's Lien Statute, Cal. Food & Agric. Code § 55631 et seq., and its claim to attorney fees, on the following grounds:

1) The Seventh Cause of Action should be dismissed without leave to amend because the transaction at issue is not one for the "sale" of produce and therefore not subject to the statutory trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e ("PACA");

2) The Eighth Cause of Action should be dismissed without leave to amend because the transaction at issue is not one for the "sale" of produce and therefore not subject to the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq.;

3) The Ninth Cause of Action should be dismissed without leave to amend because the conversion is based on a breach of a contract, and a breach of contract claim cannot be converted into a tort under California law;

4) The Tenth Cause of Action should be dismissed without leave to amend because there is no valid cause of action for Unjust Enrichment under California Law;

5) The Eleventh Cause of Action should be dismissed without leave to amend because the claim is based on fraud, which is not adequately pled, and a violation of PACA, which is not a valid claim;

6) The Twelfth Cause of Action should be dismissed without leave to amend because it is based entirely on Enforcement of the Trust Provisions of PACA, which is not a valid claim;

7) The Thirteenth Cause of Action should be dismissed without leave to amend because it is based entirely on the Enforcement of the Trust Provisions of PACA, which is not a valid claim;

8) Although not enumerated as a Cause of Action, all claims to damages and penalties under the California Producer's Lien Statute, Cal. Food & Agric. Code § 55631 et seq., should be dismissed without leave to amend because Plaintiff AFCM did not sell produce to Defendant Elite, and because Elite is not a produce processor; and

9) Although not enumerated as a Cause of Action, all claims to attorney's fees should be denied without leave to amend because there is no basis for awarding attorney's fees;

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: December 14, 2011

JOHNSON, MONCRIEF, & HART, PC

Paul Hart, Esq.
Attorney for Defendants John Creighton,
Kent Curley, and David Gattis

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.    Summary of Facts ................................................................................8

II.   Legal Standard ...................................................................................9

      A.    New Standard Governing 12(b)(6) Motions .................................9

      B.    Judicially Noticeable Evidence Is Admissible in Ruling On
            A Motion To Dismiss .....................................................10

      C.    A Motion To Dismiss, Not A Motion To Strike, Is The Proper
            Vehicle To Attack Claims For Damages That Are Precluded
            As A Matter Of Law…… ....................................................10

III.  Argument ........................................................................................11

      A.    The Seventh Cause Of Action For Enforcement Of The PACA
            Trust Provisions Should Be Dismissed Without Leave To Amend
            Because The Contract At Issue Was Not One For The Sale Of
            Produce But Was A Services Contract And Therefore Not
            Subject To PACA ..........................................................11

      B.    The Eighth Cause Of Action For Failure To Account And Pay
            Promptly Under PACA Should Be Dismissed Without Leave
            To Amend Because The Transaction At Issue Was Not One
            For The Sale Of Produce, But Was Rather A Services Contract
            And Therefore Not Subject To PACA .....................................13

      C.    The Ninth Cause Of Action For Conversion Should Be Dismissed
            Without Leave to Amend Because The Claim Is Based On
            Defendant Elite's Alleged Breach Of Contract, And Tort Damages
            Are Not Recoverable For Breach Of Contract ...........................13

      D.    The Tenth Cause Of Action For Unjust Enrichment Should Be
            Dismissed Without Leave To Amend Because California Does
            Not Recognize A Cause Of Action For Unjust Enrichment…… ..........15

      E.    The Eleventh Cause Of Action For Constructive Trust

4

Should Be Dismissed Without Leave To Amend Because
The Claim Is Based On Fraud, Which Is Not Adequately
Pled, And Enforcement Of The Statutory Trust Provisions
Of PACA, Which Is Not A Valid Claim.................................................15

    1)    Plaintiff has failed to plead facts sufficient to meet
            the heightened pleading standards applied in
            fraud actions....................................................................16

    2)    Plaintiff AFCM is impermissibly attempting to turn
            a breach of contract claim into a tort................................18

    3)    The Constructive Trust Claim should be denied because
            Plaintiff has not alleged a valid PACA Trust Claim........................18

F.    The Twelfth Cause Of Action For Declaratory Relief Should
      Be Dismissed Without Leave To Amend Because It Is Based
      Entirely On Plaintiff AFCM's PACA Trust Claim.........................19

G.    The Thirteenth Cause Of Action For Injunctive Relief Should
      Be Denied Without Leave To Amend Because It Is Based
      Entirely On An Invalid PACA Trust Claim.....................................19

H.    Although Not Alleged As A Cause Of Action, Plaintiff
      AFCM's California Producer's Lien Claims Must Be Dismissed
      Without Leave to Amend Because There Was No Sale Of
      Produce And Because Defendant Elite Is Not A Processor Under
      California Law .................................................................................19

I.    There Is No Basis For Awarding Plaintiff AFCM Attorney's
      Fees Against Defendants Creighton, Gattis, and Curley................................21

IV.    Conclusion ...........................................................................................21

5

1

**TABLE OF AUTHORITIES**

2

**CASES:**

3

4

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009)...........................................................................9,10

5

6

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................9,10

7

8

*Burlesci v. Petersen,*
   68 Cal.App.4th 1062, 1067 (1998) .............................................................15

9

*C. H. Robinson Co. v. Marina Produce Co., Inc.,*
   2007 U.S. Dist. LEXIS 3098 (N.D. Cal. 2007).........................................12

10

11

*Erlich v. Menezes,*
   21 Cal.4th 543, 551 (1999) ...............................................................14,18

12

13

*Family Tree Farms, LLC v. Alfa Quality Produce, Inc.,*
   2009 U.S. Dis. LEXIS 16940, 13 (E.D. Cal. 2009) ...................................12

14

15

*Goldrich v. Natural Y Surgical Specialties, Inc.,*
   25 Cal.App.4th 772 (1994) .......................................................................17

16

17

*Jogani v. Sup. Ct.,*
   165 Cal.App.4th 901, 911 (2008) .............................................................15

18

19

*Lazar v. Hertz Corp.,*
   143 Cal.App.3d 128, 139 (1983) ..........................................................16,17

20

21

*McBride v. Boughton,*
   123 Cal.App.4th 379, 387 (2004) .............................................................15

22

23

*McKell v. Washington Mutual, Inc.,*
   142 Cal.App.4th 1457, 1490 (2006) .........................................................15

24

*MGIC Indemn. Corp. v. Weisman,*
   803 F.2d 500, 504 (9th Cir. 1986) ............................................................10

25

26

*Olsen v. Auto. Club of Southern Cal.,*
   42 Cal.4th 1142, 1149 (2008) ..................................................................21

27

28

6

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
       34 Cal.4th 979, 990 (2004) ........................................................................16

*Sunkist Growers, Inc. v. Fisher,*
       104 F.3d 280, 282 (9th Cir. 1997) .........................................................9,11,13

*Whittlestone Inc. v. Handi-Craft Co.,*
       618 F.3d 970, 974 (9th Cir. 2010) .............................................................11

*Wilhelm v. Pray, Price, Williams & Russell,*
       186 Cal.App.3d 1324, 1331 (1986) ..........................................................17

**STATUTES:**

California Food & Agricultural Code Sections 55407........................................................20

California Food & Agricultural Code Sections 55521........................................................21

California Food & Agricultural Code Sections 55631 .........................................19,20

Federal Rules of Civil Procedure 12(b)(6) .........................................9,10,11

Federal Rules of Civil Procedure 12(f)............................................................11

7 U.S.C. Section  499.............................................................8,11,12,13

## I.     SUMMARY OF FACTS

Defendants John Creighton ("Creighton"), Kent Curley ("Curley"), and David Gattis ("Gattis") respectfully submit this Motion to Dismiss the Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Cause of Action of the Complaint, as well as AFCM's claim to damages under the California Producer's Lien Law and claim to attorney's fees. Each of the claims in dispute is brought by Plaintiff AFCM, INC. ("AFCM") and are based entirely on an "oral joint growing agreement" entered into between AFCM and Defendant Elite in October/Early November 2010. *Complaint para. 23*.

Plaintiff AFCM alleges that it and Elite agreed to jointly grow 130 acres of crops in Imperial Valley, that Elite Agreed to harvest, market, and sell the crops, and then distribute to AFCM the proceeds derived from the sales in accordance with AFCM's ownership interests in the crops.  According to AFCM, "Elite was to provide "Harrow/Perfecta, Mulching, Planting, Lettuce and green seed, Cultivating, Weeding and "Minimum Till" and AFCM was to provide "Rent, Water, Pipe, Deep work to list, Listing, Spinach seeds, chemicals and fertilizer.'" *Complaint para. 23*.

Plaintiff contends that it performed all services required, that Defendant Elite marketed and sold the crop, but breached the Agreement by failing to remit to Plaintiff its share of the sales proceeds.  Plaintiff contends that this transaction is subject to the Statutory Trust Provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e ("PACA").  Furthermore, Plaintiff seeks to impose personal liability against Defendants Creighton, Curley, and Gattis because under PACA, officers, directors, or shareholders of a produce buyer who are in a position to

Motion to Dismiss
*AFCM, Inc. et al v. Elite Global Farming and Logistics, Inc et al.*
(Case No. CV11-0466)

control the produce buyer's assets can be subject to personal liability under PACA.  <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 282 (9th Cir. 1997).

Nonetheless, the PACA claim suffers from a fatally incurable defect.  PACA requires that there be a sale and purchase of produce.  The allegations in the Complaint undoubtedly show that the transaction between AFCM and Elite was not one for the sale and purchase of produce, but was a joint venture services agreement.  AFCM never sold produce to Elite.  Therefore, the PACA trust claim, Plaintiff's only basis for invoking federal court jurisdiction, must be denied.  All of the other claims in dispute are predicated on the validity of AFCM's PACA Claim and should also be denied without leave to amend.

Additionally, although not expressly alleged as causes of action, Plaintiff AFCM asserts claims to damages that are not authorized as a matter of law, (i.e. damages and penalties under California Producer's Lien Law and attorney's fees).  Defendants also file this Motion for the purpose of dismissing those "hidden" claims.

## II.   LEGAL STANDARD

### A.   NEW STANDARD GOVERNING 12(b)(6) MOTIONS

FRCP Rule 12(b)(6) gives the court the power to dismiss a complaint that fails to state a claim upon which relief can be granted.  The United States Supreme Court established a more stringent standard of review for 12(b)(6) motions in the recent opinions of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  To survive a motion to dismiss under the new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (citing

Twombly 550 U.S. at 570).  A claim is plausible on its face "when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly 550 U.S. at 556).  Deciding whether a complaint alleges a plausible claim is a fact specific inquiry requiring the courts to "draw on judicial experience and common sense."  Id.

Now, the courts are required to first identify which statements in the complaint are factual allegations and which are legal conclusions (even if cast in the form of legal conclusions).  The court is bound to accept as true all factual allegations, but not legal conclusions (even if couched in terms of factual allegations).  Id. at 1964.  Second, the court must determine, in the specific context of the case, whether the factual allegations, if true, allege a plausible claim.  Id. at 1951.  While the plaintiff need not plead detailed factual allegations, the factual allegations it does include "must be enough to raise the right to relief above the speculative level".  Twombly, 550 U.S. at 1964-65.   It is not enough for the plaintiff to allege "labels and conclusions or a formulaic recitation of the elements of the cause of action." Iqbal, 129 S. Ct at 1949.

**B.   JUDICIALLY NOTICEABLE EVIDENCE IS ADMISSIBLE IN RULING ON A MOTION TO DISMISS**

While the court generally cannot consider extrinsic evidence in ruling on a 12(b)(6) Motion to Dismiss, the court can consider matters which may be judicially noticed.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

**C.   A MOTION TO DISMISS, NOT A MOTION TO STRIKE, IS THE PROPER VEHICLE TO ATTACK CLAIMS FOR DAMAGES THAT ARE PRECLUDED AS A MATTER OF LAW.**

Where a plaintiff claims damages that are prohibited as a matter of law, a Motion to Dismiss under 12(b)(6), not a Motion to Strike, is the appropriate vehicle for attacking such claims. <u>Whittlestone Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 974 (9th Cir. 2010), (""Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"…The purpose of 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims….We therefore conclude that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."), (citations omitted).

## III.   ARGUMENT

### A.   THE SEVENTH CAUSE OF ACTION FOR ENFORCEMENT OF THE PACA TRUST PROVISIONS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THE CONTRACT AT ISSUE WAS NOT ONE FOR THE *SALE* OF PRODUCE BUT WAS A SERVICES CONTRACT AND THEREFORE NOT SUBJECT TO PACA.

The Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., ("PACA") was enacted in 1930 with "the intent of preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry." <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 282 (9th Cir. 1997). A dealer violates PACA if he fails to pay for produce *sold* in interstate commerce. <u>Id.</u>, (citing 7 U.S.C. § 499(b)(4)).

In 1984 and again in 1995, Congress amended PACA to include trust provisions which significantly enhanced its protection. The trust amendments are codified in 7 U.S.C. 499e(c). Under the trust amendments, the buyer of produce must hold in trust for the benefit of all unpaid sellers and suppliers all produce supplied, all produce related products, and all receivables and

11

proceeds derived from the sale of the produce.  7 U.S.C. 499e(c).

To prevail on a claim under 7 U.S.C. 499e(c) for Enforcement of PACA's Statutory Trust Provisions, the plaintiff must satisfy the following elements: 1) a transaction for the sale of perishable agricultural commodities; 2) purchase and receipt of the perishable agricultural commodities by a commission merchant, dealer, or broker engaged in the business handling produce in interstate commerce; 3) failure to pay fully and promptly or failure to maintain trust assets, and 4) preservation of trust rights.  Family Tree Farms, LLC v. Alfa Quality Produce, Inc., 2009 U.S. Dist. LEXIS 16940, 13 (E.D. Cal. 2009); C.H. Robinson Co. v. Marina Produce Co., Inc., 2007 U.S. Dist. LEXIS 3098 (N.D. Cal. 2007).

Here, Plaintiff AFCM has failed to meet the first and second elements needed to prove a PACA trust claim because by AFCM's own admission, AFCM did not *sell* produce to Defendant Elite pursuant to the parties' agreement.  Rather, as evidenced by Paragraph 23 of the Complaint, the contract at issue was a joint venture service agreement whereby AFCM and Elite agreed to jointly grow crops to be marketed and sold by Elite.  Indeed, AFCM concedes that it owned a percentage of the crops and that it would receive proceeds from the sales in accordance with its ownership interest. *Complaint, para. 23, lines 7-12.*  Moreover, AFCM concedes that was only providing services under the Agreement (i.e. Rent, Water, Pipe, Deep work to list, Listing, Spinach seeds, chemicals and fertilizer). Therefore, by its own admission, it never sold produce to Defendant Elite.

Moreover, the email from Elite to AFCM attached as Exhibit A to the Complaint fortifies the position that the contact at issue was not one for the sale and purchase of produce, but rather

a joint venture agreement. The email clearly provides that Plaintiff AFCM and Defendant Elite would split growing responsibilities.

In short, Plaintiffs' Complaint unequivocally shows that Plaintiff AFCM did not sell Defendant Elite produce pursuant to their agreement. Therefore, as a matter of law, AFCM cannot be the beneficiary of a PACA trust and its Seventh Cause of Action should be dismissed without leave to amend.

**B.   THE EIGHTH CAUSE OF ACTION FOR FAILURE TO ACCOUNT AND PAY PROMPTLY UNDER PACA SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THE TRANSACTION AT ISSUE WAS NOT ONE FOR THE *SALE* OF PRODUCE, BUT WAS RATHER A SERVICES CONTRACT AND THEREFORE NOT SUBJECT TO PACA.**

7 U.S.C. 499(b)(4) provides that a dealer violates PACA by failing to pay in full for produce *sold* in interstate commerce. <u>Sunkist Growers</u>, 104 F.3d at 282. Once again, by Plaintiff AFCM's admission, the contract entered into between AFCM and Defendant Elite was not one for the sale and purchase of produce, but was rather a services agreement. AFCM simply did not sell produce to Elite under their agreement. As a result, the transaction at issue is not subject to PACA and the Eighth Cause of Action should be dismissed without leave to amend.

**C.   THE NINTH CAUSE OF ACTION FOR CONVERSION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THE CLAIM IS BASED ON DEFENDANT ELITE'S ALLEGED BREACH OF CONTRACT, AND TORT DAMAGES ARE NOT RECOVERABLE FOR BREACH OF CONTRACT.**

Under California law, a plaintiff cannot convert a breach of contract action into a tort. As explained by the Supreme Court of California, "Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from

13

principles of tort law…..An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty."'" <u>Erlich v. Menezes</u>, 21 Cal. 4th 543, 551 (1999).

For instance, in <u>Erlich</u>, the plaintiff homeowners sued the defendant general contractor who built the plaintiffs house after the discovery of several defects. The plaintiffs brought suit for breach of contract, fraud, negligent misrepresentation, and negligent construction. At trial, the jury found the defendant liable only for breach of contract and negligent construction, but awarded the plaintiff emotional distress damages. In response, the defendant appealed the emotional distress award. The appellate court affirmed, but the Supreme Court of California reversed.

The court stressed that that there is a distinction between contract and tort that must be honored. <u>Id.</u> at 550. Because the defendant's breach did not violate a duty independent of the contact, the court refused to award tort damages.

Similarly, Plaintiff AFCM in this case is attempting to convert a simple breach of contract claim into the tort of conversion. It is clear from the Complaint that Defendants' purported tortious conduct did not violate a duty independent of the contract. According to AFCM, Defendants were under a contractual duty to remit to AFCM proceeds derived from the sale of the produce in accordance with AFCM's ownership interest in said produce. *Complaint, para. 23.* However, AFCM alleges that Defendants breached the contract by failing to remit the proceeds.

Likewise, Plaintiff AFCM alleges in its Conversion Claim that Defendants have failed to pay them for the amounts owed under the Contract. *Complaint, para. 74.* Thus, the act

constituting the purported conversion is the same as Defendants' violation of a contractual duty. There is no distinction between the breach of contractual duty and the tortious act. Therefore, pursuant to California case law, Plaintiff cannot maintain a conversion claim.

**D.   THE TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE CALIFORNIA DOES NOT RECOGNIZE A CAUSE OF ACTION FOR UNJUST ENRICHMENT.**

Unjust Enrichment is not a valid cause of action under California law. E.g. Jogani v. Sup. Ct., 165 Cal. App. 4th 901, 911 (2008), (holding, "[U]njust enrichment is not a cause of action...Rather, it is a legal principle underlying various doctrines and remedies...".); McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1490 (2006), (holding, "There is no cause of action for unjust enrichment."); and McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004), (holding, "Unjust enrichment is not a cause of action, however, or even a remedy, but rather ""a general principle, underlying various legal doctrines and remedies""...(citations omitted)).

As a result, Plaintiff AFCM's Tenth Cause of Action for Unjust Enrichment should be dismissed without leave to amend.

**E.   THE ELEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THE CLAIM IS BASED ON FRAUD, WHICH IS NOT ADEQUATELY PLED, AND ENFORCEMENT OF THE STATUTORY TRUST PROVISIONS OF PACA, WHICH IS NOT A VALID CLAIM.**

The elements of a constructive trust claim in California are as follows: 1) the existence of property or some interest in property; 2) the plaintiff's right to the property; and 3) the defendant's wrongful acquisition or detention of the property. Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1067 (1998). Plaintiff AFCM has not pled facts sufficient to satisfy the second element

15

1   necessary for a constructive trust claim (i.e. wrongful acquisition of property).

2       Here, Plaintiff's constructive trust claim is based on two legal theories: 1) Fraud (*See*

3   *Complaint, para. 82*, alleging that Defendants took such action and made such promises with the

4   "intent to defraud AFCM…"; and 2) Violation of the Statutory Trust Provisions of PACA. (See

5   Complaint, para. 84, alleging that Defendants "had actual and/or constructive notice of AFCM's

6   
7   PACA trust claims", but converted such assets to their own benefit).

8       Nevertheless, in an action to impose a constructive trust based on fraud, the plaintiff must

9   
10  plead and prove a cause of action for fraud.  Lazar v. Hertz. Corp., 143 Cal. App. 3d 128, 139

11  (1983).  In this case, Plaintiff has not pled facts sufficient to satisfy the heightened pleading

12  standard applied in fraud actions.

13      In addition, for reasons already stated, Plaintiff has not pled facts sufficient to state a

14  
15  claim for Violation of the Statutory Trust Provisions of PACA.  Thus, there is no basis for

16  imposing a constructive trust.

17      **1)**    **Plaintiff has failed to plead facts sufficient to meet the heightened**
            **pleading standards applied in fraud actions.**
18

19      The elements of fraud are as follows: 1) a misrepresentation (false representation,

20  concealment, or nondisclosure); 2) knowledge of falsity; 3) intent to defraud; 4) justifiable

21  reliance; and 5) resulting damages.  Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979,

22  
23  990 (2004).

24      In California, the liberal pleading standard applicable to most claims does not apply to

25  fraud claims.  The Supreme Court of California has held:

26      [I]n California, fraud must be pled specifically; general and conclusory allegations do not
27      suffice. [Citations.] 'Thus " 'the policy of liberal construction of the pleadings … will not

28

ordinarily be invoked to sustain a pleading defective in any material respect.' " [Citation.] [¶] This particularity requirement necessitates pleading *facts* which "**show how, when, where, to whom, and by what means the representations were tendered.**" ' " (*Lazar v. Superior Court, supra*, 12 Cal.4th at p. 645.) We trust the trial courts of this state to enforce this pleading requirement. Id. at 993.

This special pleading standard requires a party to plead every element of a fraud cause of action in full, factually and specifically.  Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1331 (1986).  Applying this standard in Wilhelm, the court found that a complaint against a lawyer alleging that the lawyer knew the representations he was communicating to the plaintiff on behalf of a client were false, without alleging *how* the lawyer knew the representations were false, was insufficient to state a fraud cause of action. Id.

Similarly, in Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772 (1994), the plaintiff patient brought an action against the defendant breast implant manufacturer alleging that the defendant falsely represented to her that the defendant's product was safe for use in breast surgery and posed no risk of injury.  The court found that the plaintiff's allegations were insufficient to establish a fraud claim.  Specifically, the court explicated:

> The pleading before us—which represents Mrs. Goldrich's third effort to plead her claims—did not come close to the required specificity. To the contrary, her conclusory allegations offer no facts at all and it is impossible to determine what was said or by whom or in what manner. We don't know whether the statements were made in writing…or orally…or by one of the defendants.  Reliance is alleged in equally insufficient terms, with no explanation about how Mrs. Goldrich could have relied upon something she cannot now describe in any fashion. Id. at 782.

In this case, Plaintiff AFCM has failed to plead facts satisfying the heightened pleading standard applied in fraud actions.  Plaintiff does not allege the identity of the person who made

17

the alleged misrepresentations or the concealment. Indeed, there is no allegation that Defendants Creighton, Gattis, or Curley misrepresented or concealed any material facts. Moreover, there are no allegations specifying to whom the alleged misrepresentations were made, where the misrepresentations were made, how the misrepresentations were made, or when the misrepresentations were made. Therefore, Plaintiff has undoubtedly failed to meet the special pleading standard applied in fraud actions, certainly as against Defendants Creighton, Gattis, and Curley.

### 2) Plaintiff AFCM is impermissibly attempting to turn a breach of contract claim into a tort.

Once again, "Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.....An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty.'" Erlich v. Menezes, 21 Cal. 4th 543, 551 (1999). Here, it is clear that Plaintiff's fraud claim against Defendants Creighton, Gattis, and Curly is based wholly on Elite's breach of the Joint Growing Agreement. There is no legal duty that Creighton, Gattis, and Curley violated independent from Elite's duty to pay Plaintiff under the Agreement. Thus, Plaintiff cannot maintain a fraud claim against Creighton, Gattis, or Curley.

### 3) The Constructive Trust Claim should be denied because Plaintiff has not alleged a valid PACA Trust Claim.

Plaintiff's constructive trust claim is also based its PACA Trust Claim. Nonetheless, for reasons already stated, Plaintiff's cannot maintain a PACA Trust claim because Plaintiff AFCM never sold produce to Defendant Elite. Therefore, therefore the constructive trust claim cannot

18

1    rest on a PACA Trust Claim.

**F. THE TWELFTH CAUSE OF ACTION FOR DECLARATORY RELIEF SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE IT IS BASED ENTIRELY ON PLAINTIFF AFCM'S PACA TRUST CLAIM.**

In the Twelfth Cause of Action, Plaintiff AFCM seeks a declaration from the Court that its PACA trust claims are superior to the rights of all other creditors of Defendant Elite. However, for reasons already stated, Plaintiff cannot maintain a valid PACA Trust Claim. As a result, the Eleventh Cause of Action for Declaratory Relief should be dismissed without leave to amend.

**G. THE THIRTEENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF SHOULD BE DENIED WITHOUT LEAVE TO AMEND BECAUSE IT IS BASED ENTIRELY ON AN INVALID PACA TRUST CLAIM.**

Plaintiff AFCM seeks an injunction compelling, *inter alia*, that Defendants turnover to Plaintiff AFCM PACA trust assets. Once again, for reasons already stated, Plaintiff cannot allege a valid PACA Trust Claim because Plaintiff did not sell produce to Defendant Elite. Consequently, the Thirteenth Cause of Action should be dismissed without leave to amend.

**H. ALTHOUGH NOT ALLEGED AS A CAUSE OF ACTION, PLAINTIFF AFCM'S CALIFORNIA PRODUCER'S LIEN CLAIMS MUST BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THERE WAS NO SALE OF PRODUCE AND BECAUSE DEFENDANT ELITE IS NOT A PROCESSOR UNDER CALIFORNIA LAW.**

Plaintiff does not explicitly allege the Enforcement of California Producer's Lien Law, Cal. Food & Agric. Code §§ 55631 et seq., as a Claim, but does seek damages and penalties under that statute. *(See Complaint, para. 27, lines 7-14; para. 66, lines 25-26; para. 70; para. 71, para. 75, line 19; para. 79 lines 20-21; para. 101, lines 26-27; page 20, lines 14-15; page*

19

*22 lines 8 and 19; page 23, lines 1, 9, and 20; page 24, line 18; and page 25, lines 4-5).*

However, Plaintiff AFCM cannot allege, as a matter of law, a valid claim under the Cal. Producer's Lien Statute. Cal. Food & Agric. Code § 55631 provides as follows:

> Every producer of any farm product that *sells* any product which is grown by him to *any processor* under contract, express or implied, in addition to all other rights and remedies which are provided for by law, has a lien upon such product and upon all processed or manufactured forms of such farm product for his labor, care, and expense in growing and harvesting such product. (Emphasis added).

Cal. Food & Agric. Code § 55407 defines a "processor' as:

> "Processor" means any person that is engaged in the business of processing or manufacturing any farm product, that solicits, buys, contracts to buy, or otherwise takes title to, or possession or control of, any farm product from the producer of the farm product for the purpose of *processing or manufacturing it and selling, reselling, or redelivering it in any dried, canned, extracted, fermented, distilled, frozen, eviscerated, or other preserved or processed form.* It does not, however, include any retail merchant that has a fixed or established place of business in this state and does not sell at wholesale any farm product which is processed or manufactured by him. (Emphasis added).

The Producer's Lien Statute is not implicated here because: 1) the transaction at issue between AFCM and Elite was not one for the sale and purchase of produce, which has been abundantly repeated; and 2) Defendant Elite is not a produce processor.

There is no allegation that Defendant Elite took farm product from Plaintiff for the purpose of "processing or manufacturing, dried, canned, extracted fermented, distilled, frozen, eviscerated, or other preserved" forms of produce. In addition, Plaintiff does not allege that Elite is a produce processor. Rather, Plaintiff simply alleges that Defendant Elite is in the "business of growing, harvesting, marketing, and selling perishable agricultural commodities." *Complaint, para. 5.*

20

What's more, a produce processor must have a processor's license pursuant to Cal. Food & Agric. Code § 55521. Here, according the California Dept. of Food & Agriculture's Website, Defendant Elite is not listed as a licensed processor. See Defendants' Request for Judicial Notice, **Exhibit 1**. Thus, any claim under the Producer's Lien Statute must also fail on the ground that Elite is not a processor.

## I. THERE IS NO BASIS FOR AWARDING PLAINTIFF AFCM ATTORNEY'S FEES AGAINST DEFENDANTS CREIGHTON, GATTIS, AND CURLEY.

Lastly, Plaintiff AFCM seeks attorney's fees against Creighton, Gattis, and Curley. *See Complaint, para. 66, lines 25-26; para. 71; para. 75 line 19; para. 79, lines 20-21; page 22, lines 4 and 20; page 23 lines 2, 10, and 21; and page 24, lines 19.* Nonetheless, there is no basis for awarding attorney's fees in this case.

It is well established that attorney's fees may only be awarding to the prevailing party when authorized by statute or contract. <u>Olson v. Auto. Club of Southern Cal.</u>, 42 Cal. 4th 1142, 1149 (2008). There is no statute allowing AFCM to recover attorney's fees in this case and there is no contract with an attorney's fees provision. As such, attorney's fees are not recoverable.

## IV. CONCLUSION

For the reasons stated herein, Defendants Creighton, Gattis, and Curley respectfully request that the Court grant this Motion to Dismiss without leave to amend.

Dated: December 14, 2011

JOHNSON, MONCRIEF, & HART, PC

Paul Hart, Esq.
Attorney for Defendants John Creighton,
Kent Curley, and David Gattis

21