1   Effie F. Anastassiou, Esq. (SBN 96279)
    EffieEsq@SalinasAgLaw.com
2   ANASTASSIOU& ASSOCIATES
    242 Capitol Street
3   Post Office Box 2210
    Salinas, California 93902
4   Telephone: (831) 754-2501
    Facsimile: (831) 754-0621
5
    Attorneys for Plaintiffs,
6   AFCM, INC. and FO-FARMER'S OUTLET, INC.

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10  AFCM, INC., a California Corporation; and  )  **CASE NO. 4:11-CV-04677-CW**
    FO-FARMER'S  OUTLET,  INC.,  a )
11  California Corporation,                     )  **OPPOSITION TO MOTION TO DISMISS**
                                                )  **FOR FAILURE TO STATE A CLAIM**
12                       Plaintiffs,            )
                                                )  **[FRCP 12(b)(6)]**
13  v.                                          )
                                                )
14  ELITE  GLOBAL  FARMING  AND )  **Date:**        **February 23, 2012**
    LOGISTICS,  INC.,  a  California )  **Time:**        **2:00 p.m.**
15  Corporation; RICHARD ESCAMILLA, SR., )  **Location:**    **Ctrm. 2, 4th Floor**
    an  Individual;  JOSE  ESCAMILLA,  an )                    **1301 Clay Street**
16  Individual;  JOHN  CREIGHTON,  an )                    **Oakland, CA 94612**
    Individual;  STEPHEN  WYRICK,  an )  **Judge:**    .   **Honorable Claudia Wilken**
17  Individual; KENT CURLEY, an Individual; )
    DAVID GATTIS, an Individual; AMBER )
18  RIGOR, an Individual; and RICHARD )
    ESCAMILLA, JR., an Individual,             )
19                                              )
                         Defendants.            )
20  _____ )

21          Plaintiffs AFCM, INC. and FO-FARMER'S OUTLET, INC. hereby respectfully submit their

22  Opposition to the Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") filed by

23  Defendants JOHN CREIGHTON, KENT CURLEY and DAVID GATTIS on December 14, 2011.

24  //

25  //

26  //

27  //

28  //

1

# TABLE OF CONTENTS

2

I.    INTRODUCTION AND FACTUAL BACKGROUND .......................... 1

3

II.   THE MOTION TO DISMISS DOES NOT MEET THE LEGAL STANDARD
4     UNDER FRCP 12(b)(6) WITH RESPECT TO THE DISMISSAL OF ANY OF
      THE SUBJECT CAUSES OF ACTION ....................................... 3

5

III.  LEGAL ARGUMENT ....................................................... 5

6
      A.   THE SEVENTH CAUSE OF ACTION FOR ENFORCEMENT OF THE
7          PACA TRUST PROVISIONS AND DISGORGEMENT (AGAINST
           ALL DEFENDANTS) STATES A CLAIM UPON WHICH RELIEF CAN
8          BE GRANTED ....................................................... 5

9          1.   The Statutory Trust Provisions Of PACA Provide Protection To
                Unpaid Suppliers, Such As AFCM, Who Are Not Paid For Their
10              Produce By Produce Dealers, Such As Elite. ....................... 5

11
           2.   The Moving Defendants, As Responsibly Connected Parties To ELITE,
12              Are Also Responsible For ELITE's PACA Trust Violations To AFCM. ... 7

13
           3.   The Three Elements Necessary For AFCM To Be A PACA
14              Trust Beneficiary Have Been Pled In This Case. ..................... 7

15     B.   THE EIGHTH CAUSE OF ACTION FOR VIOLATIONS OF THE
           PACA - FAILURE TO ACCOUNT AND PAY PROMPTLY AND THE
16         FAC - FAILURE TO MAKE TIMELY PAYMENT STATES A CLAIM
           UPON WHICH RELIEF CAN BE GRANTED ........................... 9

17
       C.   THE NINTH CAUSE OF ACTION FOR CONVERSION STATES A
18          CLAIM UPON WHICH RELIEF CAN BE GRANTED .................... 11

19     D.   THE TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT STATES
           A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................. 12

20
       E.   THE ELEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE
21          TRUST STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED ... 14

22     F.   THE TWELFTH CAUSE OF ACTION FOR DECLARATORY RELIEF
           STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 15

23
       G.   THE THIRTEENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF
24          STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 15

25     H.   AFCM HAS NOT ALLEGED A CALIFORNIA PRODUCER'S LIEN
           CLAIM; INSTEAD, AFCM HAS PROPERLY ALLEGED CLAIMS UNDER
26         THE FAC UPON WHICH RELIEF CAN BE GRANTED AND
           STATUTORY PENALTIES AWARDED .............................. 16

27

28

---

# TABLE OF CONTENTS (Cont...)

I.    THERE ARE LEGAL GROUNDS FOR AWARDING AFCM ITS
      ATTORNEYS' FEES IF IT PREVAILS ON THE MERITS . . . . . . . . . . . . . . . . 17

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**TABLE OF AUTHORITIES**

**Case Law:**

Allarcom Pay Television, Ltd. v. Gen. Instrument Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
69 F.3d 381, 385 (9th Cir. 1995)

In re American Continental Corp./Lincoln Savings & Loan Securities Litigation . . . . . . . . . . . . . . . 4
102 F.3d 1524, 1537 (9th Cir. 1996)

Andrew Smith Company v. Paul's Pak, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
2009 U.S. Dist. LEXIS 65509, *4 (N.D. Cal. 2009)

Bell Atlantic v. Twombly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
550 U.S. 544, 570 (2007)

Bouyer v. Countrywide Bank, FSB . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
2009 U.S. Dist. LEXIS 53940 (N.D. Cal. 2009)

Branch v. Tunnell . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
14 F.3d 449, 454 (9th Cir. 1994)

C.H. Robinson Company v. Marina Produce Co., Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
2007 U.S. Dist. LEXIS 3098, *2 (N.D. Cal. 2007)

Coosemans Specialties, Inc. v. Gargiulo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
485 F.3d 701, 705-07 (2nd Cir. 2007)

Country Best v. Christopher Ranch, LLC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18
361 F.3d 629, 633 (11th Cir. 2004)

In Re County Harvest Buffet Restaurant, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
245 B.R. 650, 653 (9th Circ. 2000)

E. Armata, Inc. v. Platinum Funding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
887 F. Supp. 590, 594-595 (S.D.N.Y. 1995)

Erickson v. Pardus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
551 U.S. 89 (2007)

Family Tree Farms, LLC v. Alfa Quality Produce, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
2009 U.S. Dist. LEXIS 16940, *13 (E.D. Cal. 2009)

Galbraith v. County of Santa Clara . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
307 F.3d 1119 (9th Cir. 2002)

Fischer v. Machado . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
50 Cal. App. 4th 1069, 1073-1074 (1996)

Gallardo v. DiCarlo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
203 F. Supp. 2d 1160, 1165 (C.D. Cal. 2002)

Gilligan v. Jamco Dev. Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
108 F.3d 246, 249 (9th Cir. 2007)

1

**TABLE OF AUTHORITIES (Cont...)**

2

**Case Law (Cont...):**

3

Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
217 F.3d 348 (5th Cir. 2000)

4

Guerrero v. Gates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
357 F.3d 911, 916 (9th Cir. 2004)

5

Hal Roach Studios, Inc. v. Richard Feiner & Co. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
896 F.2d 1542 (9th Cir. 1989)

6

7

Ileto v. Glock, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
349 F.3d 1191, 1199-1200 (9th Cir. 2003)

8

J.C. Produce, Inc. v. Paragon Steak-house Restaurants, Inc. . . . . . . . . . . . . . . . . . . . . . . . . 17
70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999)

9

10

Jogani v. Sup. Ct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
165 Cal. App. 4th 901, 911 (2008)

11

Lectrodryer v. SeoulBank . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
77 Cal. App. 4th 723, 726 (2000)

12

13

Lee v. City of Los Angeles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
250 F.3d 668, 688 (9th Cir. 2001)

14

In re Long John Silver's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
230 B.R. 29, 32 (Bankr. D. Del. 1999)

15

16

McBride v. Boughton . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14
123 Cal. App. 4th 379, 388 (2004)

17

Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc. . . . . . . . . . . . . . . . . 18
307 F.3d 1220, 1225 (9th Cir. 2002)

18

19

NL Indus., Inc. v. Kaplan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
792 F.2d 896, 898 (9th Cir. 1986)

20

Neilson v. Union Bank of Cal., N.A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
290 F.Supp.2d 1101, 1151 (C.D. Cal. 2003)

21

22

Onions Etc., Inc. v. Z&S Fresh, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
2011 U.S. Dist. LEXIS 89184,*13 (E.D. Cal. 2011)

23

Oscar v. University Students Co-op Ass'n. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
965 F.2d. 783, 785 (9th Cir. 1992)

24

25

Peterson v. Cellco Partnership . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
164 Cal. App. 4th 1583, 1593 (2008)

26

Saul v. United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
928 F.2D 829, 843 (9th Cir. 1991)

27

28

# TABLE OF AUTHORITIES (Cont...)

**Case Law (Cont...):**

State Farm Mut. Auto. Ins. Co. v. Department of Motor Vehicles . . . . . . . . . . . . . . . . . . . . . . . . 12
53 Cal. App. 4th 1076, 1081-82 (1997)

Steckman v. Hart Brewing Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
143 F.3d 1293, 1295 (9th Cir. 1998)

Sunkist Growers v. Fisher . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Tellabs, Inc. v. Makor Issues & Rights, Ltd. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
551 U.S. 308 (2007)

**Statutes and Rules:**

7 U.S.C. §499a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7 U.S.C. §499(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

7 U.S.C. §499e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

7 C.F.R. 46.46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

Cal. Food & Agric. Code §55407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Food & Agric. Code §55620 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Food & Agric. Code §55631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Food & Agric. Code §56109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Food & Agric. Code §56302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Food & Agric. Code §56603 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 16

Cal. Food & Agric. Code §56620 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16, 17

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Miscellaneous:**

66 Am. Jur. 2d Restitution and Implied Contracts §9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I.    INTRODUCTION AND FACTUAL BACKGROUND

On September 21, 2012, Plaintiffs AFCM, INC. ("AFCM") and FO-FARMER'S OUTLET, INC.. ("FARMER'S OUTLET") (AFCM and FARMER'S OUTLET are collectively referred to herein as "Plaintiffs") filed their Complaint (the "Complaint") alleging multiple claims against multiple defendants.[1]    The Complaint includes several causes of action brought by AFCM against the Defendants JOHN CREIGHTON ("CREIGHTON"), KENT CURLEY ("CURLEY") and DAVID GATTIS ("GATTIS") (collectively, CREIGHTON, CURLEY and GATTIS are referred to herein as the "Moving Defendants").

On December 14, 2011, the Moving Defendants filed their Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss"), solely with respect to certain claims brought by AFCM against the Moving Defendants.[2]    The Moving Defendants seek to dismiss the Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action in the Complaint (the "Subject Causes of Action"). The Moving Defendants also seek to dismiss AFCM's prayer for penalty fees under the Cal. Food & Agric. Code (the "FAC") §56620 and AFCM's request for an award of attorneys' fees.    The primary underlying transaction which is the basis for all of the Subject Causes of Action that the Moving Defendants are seeking to dismiss relates to the failure of the Moving Defendants to pay AFCM the monies that were due from the sale of perishable agricultural commodities.

More specifically, AFCM has alleged that AFCM and Defendant ELITE GLOBAL FARMING AND LOGISTICS, INC. (hereinafter "ELITE") entered into an oral joint growing agreement (hereinafter "AGREEMENT") whereby AFCM and ELITE agreed to jointly grow approximately 130 acres of crops (hereinafter "CROPS") for the 2010/2011 farming season, and to share the proceeds from the sale of the CROPS.    According to their agreement, ELITE was to provide "Harrow/Perfecta, Mulching, Planting, Lettuce & greens seed, Cultivating, Weeding and Minimum Till (after the first harvest)," and AFCM was to provide "Rent, Water, Pipe, Deep work to list, Listing, Spinach seeds,

---

[1] Complaint, ECF No. 1.

[2] ECF No. 47. There are several other Causes of Action in the Complaint brought by Plaintiff FARMER'S OUTLET or Plaintiff AFCM which are not the subject of the Motion to Dismiss.

Chemicals, Fertilizer."[3]   In addition, ELITE agreed to harvest, market and sell the CROPS, and to distribute proceeds from the sale of the CROPS to AFCM, based on AFCM's ownership interest in the CROPS.[4]

AFCM honored and abided by the terms of the AGREEMENT, and contributed the goods and services which AFCM promised to provide in the bargained-for exchange.   However, AFCM alleges that ELITE failed to honor and abide by the terms which it agreed to pursuant to the AGREEMENT, by, among, other things, failing to pay AFCM the proceeds that were due from the sale of the CROPS, and, therefore, breached the contract entered into between these parties.[5]

AFCM has alleged that Defendant ELITE is in the business of marketing and selling perishable agricultural commodities in interstate commerce to buyers of produce, and is a licensee under the Perishable Agricultural Commodities Act ("PACA").[6]   In addition, AFCM has alleged that ELITE is a California dealer of farm products, and is subject to licensure by the California Department of Food & Agriculture Market Enforcement Branch, and to the provisions of the FAC.[7]

Moreover, AFCM has alleged that the Moving Defendants CREIGHTON, CURLEY and GATTIS were managers or owners of ELITE who were responsible for the daily management and control of the day-to-day operations, financial affairs, and PACA trust assets of ELITE and, therefore, are personally liable to AFCM for the PACA debts of ELITE, as "responsibly connected parties".[8]

In summary, AFCM has alleged all of the facts necessary to support the Subject Causes of Action which the Moving Defendants seek to dismiss by their ill taken Motion to Dismiss.  AFCM has also alleged a proper basis to justify an award of penalty fees under the FAC, and an award of attorneys' fees, if it prevails on the merits of its case against the Moving Defendants.

---

[3] Complaint, ¶23 and **Exhibit"A"**, ECF No. 1.

[4] Complaint, ¶23, ECF No. 1.

[5] Complaint, ¶¶24-25, ECF No. 1.

[6] Complaint, ¶5, ECF No. 1.

[7] Complaint, ¶5, ECF No. 1.

[8] Complaint, ¶¶8, 10, 11, and 16, ECF No. 1.

1    Finally, to the extent that this Court determines that it is necessary for AFCM to include in the

2    Complaint any additional facts that haven't already been alleged in order to support any of the Subject

3    Causes of Action, then AFCM accordingly respectfully requests that it be granted leave to so amend its

4    Complaint. Leave to amend should be denied only if the proposed amendment is *futile* or would be

5    subject to dismissal. Saul v. United States, 928 F.2D 829, 843 (9th Cir. 1991).

6    **II.    THE MOTION TO DISMISS DOES NOT MEET THE LEGAL STANDARD UNDER
          FRCP 12(b)(6) WITH RESPECT TO THE DISMISSAL OF ANY OF THE SUBJECT
7          CAUSES OF ACTION**

8    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

9    true, to 'state a claim to relief that is plausible on its face.'" Bell Atlantic v. Twombly, 550 U.S. 544,

10   570 (2007).

11   As a general rule, a district court may not consider any material beyond the pleadings in ruling

12   on a motion to dismiss under FRCP 12(b)(6). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

13   2001).

14   A motion for failure to state a claim is not a procedure for resolving a contest about the facts or

15   merits of the case.  Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1151 (C.D. Cal. 2003).

16   Dismissal for failure to state a claim is appropriate only when the plaintiff can prove no set of facts

17   supporting relief.  Guerrero v. Gates, 357 F.3d 911, 916 (9th Cir. 2004).   Accordingly, the motion is

18   viewed with disfavor and is rarely granted.  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.

19   2007).

20   A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in

21   the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the

22   contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385

23   (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must

24   satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule

25   8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that

26   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Bouyer v. Countrywide Bank, FSB, 2009 U.S.

27   Dist. LEXIS 53940 (N.D. Cal. 2009).

28   Specific facts are unnecessary -- the statement need only give the defendant "fair notice of the

---

*AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*                    Opposition to Motion to Dismiss
Case No. 4:11-CV-04677-CW                      -3-

1    claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89 (2007) (citing Bell

2    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true.

3    Id.

4           In considering whether the complaint is sufficient to state a claim, the court will take all material

5    allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v.

6    Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

7           The party bringing a motion to dismiss for failure to state a claim bears the burden of

8    demonstrating that the plaintiff has not met the pleading requirements of FRCP 8(a)(2) in stating a

9    claim.  Gallardo v. DiCarlo, 203 F. Supp. 2d 1160, 1165 (C.D. Cal. 2002).   FRCP 8(a)(2) requires

10   parties seeking relief in federal court by a complaint to include "a short and plain statement of the claim

11   showing that the pleader is entitled to relief."

12          Because FRCP 12(b)(6) review is confined to the complaint, the court may not consider material

13   outside the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American

14   Continental Corp./Lincoln Savings & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. 1996).

15   It may, however, properly consider exhibits submitted with the complaint, documents whose contents

16   are alleged in the complaint when their authenticity is not questioned, and matters that may be judicially

17   noticed pursuant to Fed. R. of Evid. 201. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

18   1542 (9th Cir. 1989); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994); cert. denied, 512 U.S. 1219,

19   114 S. Ct. 2704, 129 L. Ed. 2d 832 (1994), overruled on other grounds by Galbraith v. County of Santa

20   Clara, 307 F.3d 1119 (9th Cir. 2002), see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308

21   (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily

22   examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into

23   the complaint by reference, and matters of which a court may take judicial notice"); and Steckman v.

24   Hart Brewing Inc., 143 F.3d 1293, 1295 (9th Cir. 1998) (the court is "not required to accept as true

25   conclusory allegations which are contradicted by documents referred to in the complaint").

26          In summary, under FRCP 12(b)(6) the Court must deny the Motion to Dismiss filed by the

27   Moving Defendants unless the Moving Defendants can demonstrate that AFCM can prove no set of

28   facts in support of its claims that would entitle AFCM to relief.  In making this determination, the Court

must accept the factual allegations set forth in AFCM's Complaint and must construe those facts in the light most favorable to AFCM. Oscar v. University Students Co-op Ass'n., 965 F.2d. 783, 785 (9th Cir. 1992). As demonstrated below, the Motion to Dismiss cannot survive the application of these standards.

## III. LEGAL ARGUMENT

### A. THE SEVENTH CAUSE OF ACTION FOR ENFORCEMENT OF THE PACA TRUST PROVISIONS AND DISGORGEMENT (AGAINST ALL DEFENDANTS) STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Moving Defendants seek to dismiss the Seventh Cause of Action for Enforcement of the Provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499a et seq., (the "PACA") (the "Seventh Cause of Action") on the sole ground that AFCM did not "sell" produce to ELITE.[9]

More specifically, they contend that AFCM may not assert claims under PACA because the contract at issue was not one for the "sale" of produce, but was rather a services contract and, therefore is not subject to PACA. Defendants' arguments misconstrue the scope of PACA, and the requirements for becoming a PACA trust beneficiary, as described in detail below. Liability here is based on the fact that ELITE, a PACA licensee, received produce owned by AFCM, collected monies from the sale of this produce, and then did not remit the money owed to AFCM. It does not matter whether or not AFCM "sold" its produce *to* ELITE in order for the transactions at issue to be the subject of the PACA trust. Instead, it only matters whether or not ELITE received and sold produce *on behalf of* AFCM, and then failed to remit the monies owed to AFCM. The Complaint alleges that ELITE did so.

#### 1. The Statutory Trust Provisions Of PACA Provide Protection To Unpaid Suppliers, Such As AFCM, Who Are Not Paid For Their Produce By Produce Dealers, Such As Elite.

By way of background, among its many provisions, PACA provides that perishable agricultural commodities received by a PACA licensee, as well as the proceeds from the sales of those commodities, are held in trust for the benefit of unpaid suppliers until full payment has been made. 7 U.S.C. §499e(c)(2). More specifically, 7 U.S.C. §499e(c)(2) states the following in pertinent part:

(2) Perishable agricultural commodities received by a commission

---

[9] Motion to Dismiss, at P. 12, L. 12-14.

merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.  Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored...

Further, the regulations relating to the enforcement of the statutory trust specifically state the following:

(c) Trust benefits.  When a seller, supplier or agent who has met the eligibility requirements... transfers ownership, possession or control of goods to a commission merchant, dealer, or broker, it automatically become eligible to participate in the trust...

7 C.F.R. 46.46(c)(1)

"Enacted in 1930, PACA had the intent of preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry.  PACA requires all brokers and dealers in perishable agricultural commodities to obtain licenses from the Secretary of Agriculture. Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." Sunkist Growers v. Fisher, 104 F.3d 280, 282, at 282 (9th Circ. 1997) (citations and internal quotations omitted).

"Congress amended the statute in 1984 to add an additional remedy: the perishable commodities or proceeds from the sale of those commodities are held in trust by the dealer for the benefit of the unpaid seller until full payment is made. Ordinary principles of trust law apply to trusts created under PACA, so that for instance the trust assets are excluded from the estate should the dealer go bankrupt." Sunkist Growers v. Fisher, supra, at 282 (citations and internal quotations omitted).

"Although the use of a trust under the Act was aimed at remedying problems created by buyers' bankruptcies, the trust was also envisioned as a method of enforcing debts against solvent buyers. In fact, by operation of §499e(c)(2), a statutory trust in a defined res is created whenever a seller or supplier of perishable agricultural products provides such products to a commission merchant, dealer, or broker on credit. If the seller gives timely notice of its intent to preserve its benefits under the trust, the buyer must conduct itself as trustee of its assets until the seller is paid in full." Sunkist Growers v.

*Fisher, supra,* 282 (citations omitted).

> **2.    The Moving Defendants, As Responsibly Connected Parties To ELITE, Are Also Responsible For ELITE's PACA Trust Violations To AFCM.**

It has long been held that owners, officers and directors, who are responsibly connected to an entity licensed under PACA, can be held personally liable to third parties for the licensed entity's failure to pay PACA trust debts for produce.   See *Sunkist Growers v. Fisher, supra,* at 283.   "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier."   Id.   See also *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.,* 217 F.3d 348 (5th Cir. 2000) (citing Sunkist); and *Coosemans Specialties, Inc. v. Gargiulo,* 485 F.3d 701, 705-07 (2nd Cir. 2007).

Moreover, it is unnecessary for a person who exercises control over a PACA license to have the title of officer or director.   If the person sought to be charged exercises "officer-like control" over the PACA licensee then such person can be held liable for the PACA licensee's debt, regardless of the person's official title.   *Andrew Smith Company v. Paul's Pak, Inc.,* 2009 U.S. Dist. LEXIS 65509, *4 (N.D. Cal. 2009).

> **3.    The Three Elements Necessary For AFCM To Be A PACA Trust Beneficiary Have Been Pled In This Case.**

In the case of *In Re County Harvest Buffet Restaurant, Inc.,* 245 B.R. 650, 653 (9th Circ. 2000), the Ninth Circuit aptly described the legal standard which applies to the situation here:

> In order to become a perfected PACA trust beneficiary, a PACA claimant must meet three requirements.  First, the goods in questions are perishable agricultural commodities.  Second, the commodities must have been received by a commission merchant, a **dealer**, or broker.  Third, the claimant must have provided written notice of its intent to preserve its rights under PACA within thirty days after payment became due.  *In re Long John Silver's,* 230 B.R. 29, 32 (Bankr. D. Del. 1999).

Here, all three of the foregoing elements have been pled by AFCM.

First, AFCM has alleged that the CROPS at issue were perishable agricultural commodities which included lettuce and spinach.[10]

---

[10] Complaint, ¶23 and **Exhibit "A"**, ECF No. 1.

1  Second, Plaintiff AFCM has alleged that Defendant ELITE is in the business of marketing and

2 selling perishable agricultural commodities in interstate commerce to buyers of produce, and is a

3 licensee [License No. 20110756] under PACA.[11] In addition, AFCM has alleged that ELITE is a

4 California dealer of farm products, and is subject to licensure by the California Department of Food &

5 Agriculture Market Enforcement Branch, and to the provisions of FAC.[12]

6  In addition, AFCM has also alleged that ELITE, a PACA licensee, received the CROPS, by

7 stating that ELITE had the responsibility of harvesting, marketing and selling "130 acres of CROPS".[13]

8 Clearly, in connection with the performance of these duties, ELITE had to take possession and control

9 of the 130 acres of CROPS.

10  Finally, AFCM has alleged that on July 26, 2011, AFCM sent a written notice of intent to

11 preserve PACA trust benefits in accordance with the provisions of 7 U.S.C. §499e(c) and 7 C.F.R.

12 46.46.[14]

13  Accordingly, AFCM has properly alleged that Defendant ELITE was a PACA licensee who was

14 and is subject to PACA, and who received possession and control of the CROPS, yet failed to remit

15 proceeds due to AFCM from the sale of the CROPS. AFCM has also properly alleged that it sent out

16 the required notice to preserve its PACA trust benefits. AFCM has further properly alleged that the

17 Moving Defendants are also liable for the breach of the PACA trust as "responsibly connected parties."

18 Therefore, the Complaint is legally sufficient to state a claim under PACA against the Moving

19 Defendants for enforcement of the statutory trust based on a failure to preserve the PACA trust assets

20 for the benefit of AFCM.

21  Contrary to the Moving Defendants' contentions, the cases they have cited do not establish a

22 requirement that the grower must have "sold" his produce to the PACA licensee in order to invoke the

23 PACA trust. In fact such a requirement would be contrary to the express terms of the PACA statute (7

---

[11] Complaint, ¶5, ECF No. 1.

[12] Complaint, ¶5, ECF No. 1.

[13] Complaint, ¶23, ECF No. 1.

[14] Complaint, ¶26, ECF No. 1.

*AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*          Opposition to Motion to Dismiss
Case No. 4:11-CV-04677-CW      -8-

1    U.S.C. §499e(c)(2)) which simply requires "receipt" by the PACA licensee of the perishable

2    agricultural commodities or proceeds from the sale of the commodities.  It also would contradict the

3    express provisions of 7 C.F.R. 46.46(c)(1) which requires only that the PACA licensee take "possession

4    or control" of the goods.

5         The two cases cited by the Moving Defendants in the Motion to Dismiss appear to refer to a

6    purchase and sale of produce by the PACA licensee from the grower <u>solely</u> because those were the

7    types of transactions that were the subject of the lawsuits.  Nothing more can be implied from those two

8    cases other than they deal with <u>one</u> type of transaction that can be the subject of the PACA trust.  <u>See</u>

9    <u>Family Tree Farms, LLC v. Alfa Quality Produce, Inc.</u>, 2009 U.S. Dist. LEXIS 16940, *13 (E.D. Cal.

10   2009) (plaintiff alleged general oral agreements to sell fresh fruit at specified prices to defendants); and

11   <u>C.H. Robinson Company v. Marina Produce Co., Inc.</u>, 2007 U.S. Dist. LEXIS 3098, *2 (N.D. Cal.

12   2007) (plaintiff sold and delivered produce to defendant).  Those two cases simply do not change the

13   clear language of the PACA statute and regulations which only require that the PACA licensee

14   "receive" or take "possession or control" of the produce in order for a PACA trust to arise.

15        Accordingly, there is no basis to dismiss the Seventh Cause of Action.

16   **B.    THE EIGHTH CAUSE OF ACTION FOR VIOLATIONS OF THE PACA -
            FAILURE TO ACCOUNT AND PAY PROMPTLY AND THE FAC - FAILURE**
17        **TO MAKE TIMELY PAYMENT STATES A CLAIM UPON WHICH RELIEF
            CAN BE GRANTED**

18        The Moving Defendants seek to dismiss the Eighth Cause of Action for Violations of the PACA

19   - Failure to Account and Pay Promptly and the FAC–Failure to Make Timely Payment (the "Eighth

20   Cause of Action"), once again solely on the basis that AFCM did not "sell" produce to Elite.[15]

21        The request to dismiss the Eighth Cause of Action under PACA is as devoid of merit as the

22   request to dismiss the Seventh Cause of Action, for all of the reasons discussed above.  AFCM has

23   properly pled a PACA claim, and a failure by ELITE to account and pay proceeds which were due to

24   AFCM for the CROPS.  Moreover, AFCM has also properly pled a case against the Moving Defendants

25   under PACA because they are "responsibly connected parties" to ELITE.

26        The Moving Defendants' specific assertion that the provisions of 7 U.S.C. §499(b)(4) somehow

27

28

_____

[15] Motion to Dismiss, at P. 13, L. 12-18, ECF No. 47.

limits the right of AFCM to make a PACA claim because AFCM did not sell produce to ELITE is

specious.[16]  Section 499(b)(4) broadly defines "unfair conduct" to include all of the following:

> (4) For any commission merchant, dealer, or broker to make, for a
> fraudulent purpose, any false or misleading statement in connection with
> any transaction involving any perishable agricultural commodity which is
> received in interstate or foreign commerce by such commission merchant,
> or bought or sold, or contracted to be bought, sold, or consigned, in such
> commerce by such dealer, or the purchase or sale of which in such
> commerce is negotiated by such broker; or to fail or refuse truly and
> correctly to account and make full payment promptly in respect of any
> transaction in any such commodity to the person with whom such
> transaction is had; or to fail, without reasonable cause, to perform any
> specification or duty, express or implied, arising out of any undertaking in
> connection with any such transaction; or to fail to maintain the trust as
> required under section 499e(c) of this title. However, this paragraph shall
> not be considered to make the good faith offer, solicitation, payment, or
> receipt of collateral fees and expenses, in and of itself, unlawful under
> this chapter.

In sum, the statutory provisions of 7 U.S.C. §499(b)(4) expressly prohibit a PACA licensee from

failing "to account and make full payment promptly in respect of any transaction in such commodity."

The types of transactions referred to in this section include commodities which are "contracted to be

bought, sold, or consigned."  In the Complaint, AFCM has clearly alleged the facts necessary to meet

this statutory standard, because it contends that although ELITE harvested, marketed, sold and

delivered the CROPS to ELITE's customers, ELITE "failed and refused to truly, correctly, and

accurately account and make full payment to AFCM for the Crops."[17]

Moreover, in moving to totally dismiss the Eighth Cause of Action, the Moving Defendants

have totally failed to address the fact that AFCM has additionally pled in the Eighth Cause of Action

the failure of ELITE to make timely payment under the FAC.

In the Eighth Cause of Action, AFCM specifically alleges the following:

> 70. In addition, ELITE's failure to pay for the Crops (which constitute
> farm products under the FAC) in the time and manner specified in the
> Agreement, is a violation of FAC §§56302 and 56603.[18]

Upon review of the FAC, it is clear that AFCM has properly pled a violation of the FAC against

ELITE.  The FAC §56603 provides that is a violation for a licensee to fail "to render a true account of

---

[16] Motion to Dismiss, at P. 13, L. 12-18, ECF No. 47.

[17] Complaint, P. 69, ECF No. 1.

[18] Complaint, ¶7 , ECF No. 1.

sales, or to make a settlement on the sales, or to pay for any farm product which is received." As noted above, AFCM has alleged that ELITE is a California dealer of farm products, and is subject to licensure under FAC.[19] Moreover, AFCM has repeatedly alleged throughout the Complaint, including in the Eighth Cause of Action, that ELITE failed to pay AFCM the amounts due for the CROPS.[20] The CROPS are clearly farm products under the FAC, which are defined in FAC §56109 to include all "vegetable products".

Accordingly, there is no basis to dismiss the Eighth Cause of Action.

**C.   THE NINTH CAUSE OF ACTION FOR CONVERSION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Moving Defendants also seek to dismiss the Ninth Cause of Action for Conversion (the "Ninth Cause of Action") on the grounds that you cannot convert a breach of contract action into a tort, unless there is also an omission of a legal duty.[21] The Moving Defendants are once again incorrect in their analysis. Courts have long recognized that a produce dealer who does not pay a grower for produce it marketed and sold can be liable for conversion, because the produce dealer has breached its legal duty to remit proceeds to the grower.

For example, in the case of Onions Etc., Inc. v. Z&S Fresh, Inc., 2011 U.S. Dist. LEXIS 89184,*13 (E.D. Cal. 2011) the court found that defendant Z&S, a produce marketing company which became insolvent and unable to pay growers for the produce that it marketed and sold on their behalf, not only violated PACA, but also was liable for conversion, stating the following:

> In California, the tort of conversion has three elements: (1) ownership or right to possession of property; (2) wrongful disposition of the property right; and (3) damages. (*G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.* (9th Cir. 1992) 958 F.2d 896, 907; *Kremen v. Cohen* (9th Cir. 2003) 337 F.3d 1024, 1029.)
>
> There is no triable issue of fact that Zaninovich knowingly converted PACA assets. Pursuant to the court's Order, the Trustee calculated the total amount of the PACA claims after resolutions and settlements of objections and disputes regarding the PACA claims: $6,978,264.59. Zaninovich transferred $4,319,241.23 of Z&S assets to ZM or to third

---

[19] Complaint, ¶5, ECF No. 1.

[20] Complaint, ¶7, ECF No. 1.

[21] Motion to Dismiss, at P. 18, L. 11-15, ECF No. 47.

*AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*
Case No. 4:11-CV-04677-CW                    -11-                    Opposition to Motion to Dismiss

1   parties on behalf of ZM. As a result of the transfers, Z&S became
    insolvent and unable to pay shippers and growers who had valid claims
2   for debts covered by PACA. The PACA beneficiaries are still owed
    $3,541,919.75.
3
    *Id.* at *13.
4
5       Similarly, in the case of <u>Fischer v. Machado</u>, 50 Cal. App. 4th 1069, 1073-1074 (1996), the court

6   held that a company which acted as a sales agent to market fruit for farmers pursuant to a written

7   contract, and failed to pay the proceeds from the sale of the fruit to the farmers, but instead used the

8   sales proceeds to pay its business expenses, was liable to the farmers for conversion. Specifically, the

    court ruled as follows:
9
10          Defendants do not dispute they were plaintiffs' agent nor do they dispute
            that they received the proceeds from the sale of plaintiffs' consigned farm
            products and commingled the funds with their general corporate account.
11          Since, as a matter of law, defendants had the obligation to turn over the
            definite sum it received as plaintiffs' agent, there was more than ample
12          evidence to support the trial court' finding of conversion.

13  *Id.* at 1073-1074.

14      In summary, conversion is any act of dominion wrongfully exerted over another's personal

15  property in denial of or inconsistent with his rights therein. <u>State Farm Mut. Auto. Ins. Co. v.</u>

16  <u>Department of Motor Vehicles</u>, 53 Cal. App. 4th 1076, 1081-82 (1997). In the Complaint, AFCM has

17  alleged that ELITE, together with the Moving Defendants, as "responsibly connected parties", failed

18  and refused to turn over the money due to AFCM for the CROPS, and instead diverted the monies to

19  themselves or to other third parties.[22] As such, ELITE and the Moving Defendants acted wrongfully to

20  exert control over the proceeds derived from the sale of the CROPS, which was inconsistent with

21  AFCM's rights to receive its share of the proceeds due from the sale of the CROPS.

22      Accordingly, there is no basis to dismiss the Ninth Cause of Action.

23  **D.   THE TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT STATES A
         CLAIM UPON WHICH RELIEF CAN BE GRANTED**

24      The Moving Defendants also seek to dismiss the Tenth Cause of Action for Unjust Enrichment

25  (the "Tenth Cause of Action") on the basis that Unjust Enrichment is not a valid cause of action under

26  California law. Once again the Moving Defendants are incorrect in their analysis.

27

28      [22] Complaint, ¶74, ECF No. 1.
    *AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*                    Opposition to Motion to Dismiss
    Case No. 4:11-CV-04677-CW                    -12-

The elements of an unjust enrichment claim are receipt of a benefit and unjust retention of the benefit at the expense of another. See Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1593 (2008); Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000) and 66 Am. Jur. 2d Restitution and Implied Contracts §9. However, "the mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." Peterson, supra, at 1593. Unjust enrichment is typically sought as an alternative remedy in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant if there is a determination made that a valid contract was not in effect. See McBride v. Boughton, 123 Cal. App. 4th 379, 388 (2004); and 66 Am. Jur. 2d Restitution and Implied Contracts §9.

In this case, AFCM has alleged in the First Cause of Action in the Complaint that ELITE entered into a contract to market and sell the CROPS, which were partially owned by AFCM, and then breached the contract by failing to remit the proceeds derived from the sale of the CROPS which were promised to be paid to AFCM, based on AFCM's ownership interest in the CROPS.[23]

Alternatively, in the event that this Court should find for any reason that the contract which has been pled in the First Cause of Action in the Complaint is not enforceable, then AFCM has properly pled a "quasi-contractual" claim for unjust enrichment in the Tenth Cause of Action. More specifically, AFCM has alleged that ELITE and the Moving Defendants "converted, for their own use and benefit" the CROPS which were jointly grown by AFCM with ELITE, and took all of the proceeds derived therefrom which should have been paid to AFCM, which was the amount of at least $167,188.43. Accordingly, AFCM has alleged that ELITE and the Moving Defendants were unjustly enriched in the amount of at least $167,188.43, and that therefore AFCM should be paid back that money in order to avoid unjustly enriching ELITE and the Moving Defendants at the expense of AFCM.[24]

The cases cited by the Moving Defendants do not assist them in obtaining the relief they have requested with respect to the Tenth Cause of Action. For example, they cite the case of Jogani v. Sup. Ct., 165 Cal. App. 4th 901, 911 (2008), for the proposition that "unjust enrichment is not a cause of

---

[23] Complaint, ¶¶21-27, ECF No. 1.

[24] Complaint, ¶¶77-79, ECF No. 1.

1  action".[25]  Although technically the Moving Defendants are correct that the <u>Jogani</u> court made that
2  statement, they have taken the court's statement totally out of context.

3      In <u>Jogani</u>, the court noted that the concept of unjust enrichment is "a general principle
4  underlying various doctrines and remedies, including quasi-contract." <u>Id</u>. at 911.  Thereafter, the court
5  further noted that the plaintiff in <u>Jogani</u> had already pled a claim for quantum meruit, and therefore
6  found the plaintiff's claim for unjust enrichment to duplicate another quasi-contract claim that had
7  already been alleged.  <u>Id</u>. at 911.  Here, AFCM's unjust enrichment claim does not duplicate another
8  claim, but instead is pled as an alternative grounds for recovery in the event that AFCM does not
9  prevail on its breach of contract claim.

10      The statements made about unjust enrichment in the case of <u>McBride v. Boughton</u>, 123 Cal.
11  App. 4th 379, 387 (2004), are also taken out of context.  There the court recognized that in the proper
12  context someone could be "required to make restitution if the person receives a benefit at another's
13  expense... [and] it is *unjust* for the person to retain it." <u>Id</u>. at 389.  However, the court found that the
14  claim of unjust enrichment was improper in the context of the <u>McBride</u> case, due to public policies
15  relating to parental/child relationships. <u>Id</u>. at 389.

16      In contrast, in this case, there is the public policy behind PACA and the FAC, which are federal
17  and statute statutes which were enacted to assist growers, like AFCM, in getting paid for their produce.
18  Thus, there is no public policy here which would prevent AFCM from getting restitution from ELITE
19  and the Moving Defendants for monies wrongfully obtained, and thus prevailing on a claim for unjust
20  enrichment.  Instead, public policy would promote the grant of restitution.

21      Accordingly, there is no basis to dismiss the Tenth Cause of Action.

22  **E.  THE ELEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

23      The Moving Defendants also seek to dismiss the Eleventh Cause of Action for Constructive
24  Trust (the "Eleventh Cause of Action") on the basis that the claim fails to meet the elements necessary
25  for a constructive trust claim, because AFCM has failed to properly plead a claim for constructive trust

---

[25] Motion to Dismiss, at P. 15, L. 7-10, ECF No. 47.

based on fraud,[26] and because AFCM has alternatively failed to properly plead a constructive trust claim under PACA.[27]

The request to dismiss the Eleventh Cause of Action is as devoid of merit as the request to dismiss the Seventh Cause of Action and the Eighth Cause of Action, for all of the reasons repeatedly discussed above. AFCM has properly alleged a PACA trust claim against the Moving Defendants. Thus, it is not necessary for AFCM to meet any heightened standards required for pleading fraud, as argued by the Moving Defendants, since AFCM has properly alleged a constructive trust claim under PACA. This argument is simply a red herring.

Accordingly, there is no basis to dismiss the Eleventh Cause of Action.

## F.  THE TWELFTH CAUSE OF ACTION FOR DECLARATORY RELIEF STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Moving Defendants also seek to dismiss the Twelfth Cause of Action for Declaratory Relief (the "Twelfth Cause of Action") again on the grounds that Defendants claim that AFCM does not have a valid PACA Trust Claim.[28]

The request to dismiss the Twelfth Cause of Action is as devoid of merit as the request to dismiss the Seventh Cause of Action, the Eighth Cause of Action, and the Eleventh Cause of Action, for all of the reasons repeatedly discussed above. AFCM has properly alleged a PACA trust claim against the Moving Defendants.

Accordingly, there is no basis to dismiss the Twelfth Cause of Action.

## G.  THE THIRTEENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Moving Defendants also seek to dismiss the Thirteenth Cause of Action for Declaratory Relief (the "Thirteenth Cause of Action") again on the basis that Defendants claim that AFCM does not have a valid PACA Trust Claim.[29]

---

[26]  Motion to Dismiss, at P. 15, L. 22 thru P. 16, L. 12, ECF No. 47.

[27]  Motion to Dismiss, at P. 18, L. 23 thru P. 19, L. 1, ECF No. 47.

[28] Motion to Dismiss, at P. 19, L. 4-10, ECF No. 47.

[29] Motion to Dismiss, at P. 19, L. 13-17, ECF No. 47.

The request to dismiss the Thirteenth Cause of Action is as devoid of merit as the request to dismiss the Seventh Cause of Action, the Eighth Cause of Action, the Eleventh Cause of Action, and the Twelfth Cause of Action, for all of the reasons repeatedly discussed above. AFCM has properly alleged a PACA trust claim against the Moving Defendants.

Accordingly, there is no basis to dismiss the Thirteenth Cause of Action.

**H.    AFCM HAS NOT ALLEGED A CALIFORNIA PRODUCER'S LIEN CLAIM; INSTEAD, AFCM HAS PROPERLY ALLEGED CLAIMS UNDER THE FAC UPON WHICH RELIEF CAN BE GRANTED AND STATUTORY PENALTIES AWARDED**

The Moving Defendants improperly and inexplicably contend that AFCM's claims for statutory penalties under FAC §55620 are improper, based on their garbled contentions that AFCM would only be entitled to collect such damages if AFCM was asserting a producer' lien under FAC §55631, which would require ELITE to be licensed as a processor pursuant to FAC §55407.[30]  Once again the Moving Defendants are incorrect in their contentions.

First, nowhere in the Complaint does AFCM assert that it is entitled to a producer's lien or that ELITE is licensed as a processor.  Instead, as noted above, AFCM has alleged that ELITE is a California dealer of farm products, and is subject to licensure by the California Department of Food & Agriculture Market Enforcement Branch, and to the provisions of FAC.[31]  As a dealer of farm products, ELITE is regulated by the FAC, which, as noted above, states that it is a violation for a licensee to fail "to render a true account of sales, or to make a settlement on the sales, or to pay for any farm product which is received." FAC §56603.

In accordance with the foregoing, AFCM has asserted that it is entitled to recover a statutory late charge of 5 percent per month of the unpaid balance for delinquent payment of money due for the "handling of any farm products." FAC §56620.[32]  The penalty provisions of FAC §56620 are set forth in Division 20, Chapter 7, Article 18 of the FAC relating to "Violations" committed by "Produce Dealers" (codified at FAC §§56101 thru 56652). The penalty provisions of the FAC §56620 have

---

[30] Motion to Dismiss, at P. 19,  L. 22 thru P. 21, L. 21, ECF No. 47.

[31] Complaint, ¶5, ECF No. 1.

[32]  Complaint, ¶27, 50, 55, 61, 66, 71, 75, 79, ECF No. 1.

1   absolutely nothing to do with the provisions of Division 20, Chapter 6 of the FAC relating to

2   "Processors of Farm Products" (codified at FAC §§55401 thru 55922).

3          Accordingly, there is no basis to dismiss AFCM's claims for recovery of statutory penalties

4   against ELITE and the Moving Defendants under FAC §56620.

5   **I.      THERE ARE LEGAL GROUNDS FOR AWARDING AFCM ITS ATTORNEYS'
            FEES IF IT PREVAILS ON THE MERITS**

6          The Moving Defendants claim that there is no statute or contract authorizing the award of

7   attorneys' fees in this case. Accordingly, the Moving Defendants contend that AFCM should not be

8   entitled to recover its attorneys' fees in this case.[33]  Once again the Moving Defendants are incorrect. If

9   AFCM prevails in this case, there are grounds upon which AFCM could be awarded its attorneys' fees.

10         The trust provisions of PACA provide that the PACA trust assets shall be held by the receiver of

11  the produce in trust for the benefit of the unpaid beneficiary until full payment of the "sums owing in

12  connection with such transactions has been received." 7 U.S.C. §499e(c)(2) (emphasis added).  Courts

13  have repeatedly determined that if there is an enforceable agreement between the parties which provides

14  for an award of attorneys' fees and costs in the event of litigation, then attorneys' fees and costs should

15  be awarded as "sums owing in connection with" the trust transactions. See Country Best v. Christopher

16  Ranch, LLC, 361 F.3d 629, 633 (11th Cir. 2004) and J.C. Produce, Inc. v. Paragon Steak-house

17  Restaurants, Inc., 70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999) (attorneys' fees may be considered "sums

18  owing in connection with" a sale where a contract calls for them).

19         In this case, ELITE received PACA trust funds from third party purchasers of the CROPS.

20  AFCM owned an interest in the CROPS and was entitled to a portion of the proceeds from the sale of

21  the CROPS which it did not receive.  Accordingly, because ELITE (and the Moving Defendants, as

22  "responsibly connected parties") could be found liable for repayment of PACA trust funds to AFCM

23  pursuant to the allegations made in the Complaint, then the Moving Defendants could also be found to

24  be liable for the attorneys' fees and costs incurred in collecting the trust funds owed.  See E. Armata,

25  Inc. v. Platinum Funding, 887 F. Supp. 590, 594-595 (S.D.N.Y. 1995) (although a third-party lender

26  was not a party to a contract providing for the payment of attorneys' fees in the event a collection action

27

28  _____
    [33]  Motion to Dismiss, at P. 21, L. 14-18, ECF No. 47.

*AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*                    Opposition to Motion to Dismiss
Case No. 4:11-CV-04677-CW                                 -17-

was necessary, it was liable to the PACA trust beneficiary because the fees incurred to collect the past

due amounts constitute "sums owing in connection with such transactions.").

   Although the PACA statute does not provide an independent basis for an award of attorneys'

fees, the Ninth Circuit has held that attorney's fees incurred by an unpaid produce supplier in connection

with enforcing PACA trust rights are all to be included within the PACA trust claim.  See Middle

Mountain Land and Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1225 (9th Cir. 2002)

(when invoices provide for recovery of attorney's fees, those fees are to be considered sums "in

connection with" the produce transactions); Country Best v. Christopher Ranch, LLC, 361 F.3d 629,

633 (11th Cir. 2004) (holding fees become part of a PACA trust claim).

   The Middle Mountain case is particularly instructive because the Ninth Circuit conducted a

complete analysis of PACA itself, Congressional intent, legislative history, and the existing case

authorities, in reaching its conclusion that attorney fees do indeed become part of the unpaid seller's

PACA trust claim.  In examining the Congressional intent underlying the PACA, the Ninth Circuit

reasoned as follows:

> Congress wrote the statute broadly to include not only the value of
> commodities sold but also expenses in connection with the sale of
> perishable agricultural commodities when it drafted the statute. It did not
> limit the claim to perishable agricultural commodities alone. As with
> many other commercial sellers, those who sell perishable agricultural
> commodities may include contractual provisions for attorneys' fees and
> interest to account for losses that arise from delay in payment under a
> contractual credit arrangement.  The ability to recover such losses may
> affect a supplier's competitive pricing.  Where a PACA trust may not
> have sufficient funds to compensate all PACA claimants fully for their
> claims, the plain language of the statute does not exclude recovery of
> contractual rights to attorneys' fees and interest that are due in connection
> with the transaction that is the subject of their PACA trust claim. A fair
> reading of the statute brings contractually due attorneys' fees and interest
> within the scope of the statute's protection of "full payment owing in
> connection with the [perishable agricultural commodities] transaction." 7
> U.S.C. §499e(c)(2).

Middle Mountain, supra, 307 F.3d at 1223.

   The Ninth Circuit then conducted a thorough analysis of the legislative history of the PACA, as

well as the cases, and reached the same conclusion: fees must be included as part of the unpaid seller's

PACA trust claim.

   Accordingly, if AFCM prevails on its claims against the Moving Defendants, there is a legal

1   basis upon which this Court could determine that AFCM is also entitled to an attorneys' fee award

2   under PACA.

3   **IV.      CONCLUSION**

4         Based on the foregoing, the Moving Defendants' Motion for Dismiss should be denied in its

5   entirety.

6         However, should the Court grant the Motion to Dismiss either in its entirety, or in part, Plaintiff

7   AFCM respectfully requests that this Court grant Plaintiff AFCM leave to amend its Complaint in order

8   to include any additional factional allegations deemed necessary by the Court to support its claims.

9

10                                      Respectfully Submitted,

11  Dated: January 19, 2012             ANASTASSIOU & ASSOCIATES

12                                      By:

13                                      Effie F. Anastassiou, Esq.
                                        Attorneys for Plaintiffs,
14                                      AFCM, INC. and FO-FARMER'S OUTLET, INC

15
    F:\AFC\Pleadings\Motion to Dismiss Complaint\Opposition\Opposition.wpd
16

17

18

19

20

21

22

23

24

25

26

27

28