Effie F. Anastassiou, Esq. (SBN 96279)
EffieEsq@SalinasAgLaw.com
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiffs,
AFCM, INC. and FO-FARMER'S OUTLET, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| AFCM, INC., a California Corporation; and FO-FARMER'S OUTLET, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE GLOBAL FARMING AND LOGISTICS, INC., a California Corporation; RICHARD ESCAMILLA, SR., an Individual; JOSE ESCAMILLA, an Individual; JOHN CREIGHTON, an Individual; STEPHEN WYRICK, an Individual; KENT CURLEY, an Individual; DAVID GATTIS, an Individual; AMBER RIGOR, an Individual; and RICHARD ESCAMILLA, JR., an Individual,<br><br>Defendants. | CASE NO. 4:11-CV-04677-CW<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[FRCP 12(b)(6)]<br><br>Date: February 23, 2012<br>Time: 2:00 p.m.<br>Location: Ctrm. 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA 94612<br>Judge: Honorable Claudia Wilken |

Plaintiffs AFCM, INC. ("AFCM") and FO-FARMER'S OUTLET, INC. (collectively, the "Plaintiffs") hereby respectfully submit their Supplemental Brief in Support of Opposition to the Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") filed by Defendants JOHN CREIGHTON, KENT CURLEY and DAVID GATTIS (collectively, "Defendants") on December 14, 2011 and heard by the Honorable Claudia Wilken on February 23, 2012.

**I.     INTRODUCTION**

On February 23, 2012, the Motion to Dismiss came on for hearing before Honorable Claudia Wilken. Effie Anastassiou appeared at the hearing on behalf of Plaintiffs and Dennis Lewis appeared

*AFCM, Inc., et al. v. Elite Global Farming & Log., et al.*
Case No. 4:11-CV-04677-CW                    -1-                    Supplemental Brief in Support of
                                                                     Opposition to Motion to Dismiss

at the hearing on behalf of Defendants.

During the hearing, Mr. Lewis presented oral argument for the first time that the case of *Alvaro v. United States District Court for the Northern District of CA,* 2008 U.S. Dist. LEXIS 14747 (N.D. Cal. 2008) supports the legal argument of the Defendants that several of the causes of action in the Complaint (specifically, the 7th, 8th, 11th, 12th and 13th) which arise from, or are based upon, the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e ("PACA") and the regulations promulgated thereunder, are subject to dismissal.

Defendants' argument was based on their contention that the *Alvaro* case stands for the proposition that both parties to a joint venture are required to be licensed under PACA in order for the transactions which are the subject thereof to be considered protected under PACA. Defendants' arguments are incorrect. The holding in *Alvaro* does not apply to the instant case.

## II.   LEGAL ARGUMENT

### A.   *Alvaro* Does Not Apply to This Case

*Alvaro* is not pertinent to this case. In fact, Defendants have misstated the nature of the holding in *Alvaro*.

*Alvaro* does not require both parties to a joint venture to be PACA licensees in order to qualify for PACA trust benefits. Rather, the holding in *Alvaro* simply relates to the issue of when invoice language can be used by a party to a produce transaction in order to preserve its PACA trust rights, and is based solely on the specific provisions of the PACA statute and the implementing regulations.

Simply put, under PACA if you want to preserve your PACA trust rights through language on an invoice, you must be licensed under PACA. 7 U.S.C.§ 499e(c)(4). In *Alvaro* the Plaintiff pled that he had utilized the invoice method to preserve his PACA trust rights, but at the time of the transactions at issue he had no PACA license. There, the Plaintiff tried to argue that he could use the Defendants' license to support his use of the invoice method to preserve his PACA trust rights, because he was in a joint venture with the Defendants. The court in *Alvaro* found that the plain language of the PACA statute and regulations did not support this interpretation, and that a separate PACA license was required for the Plaintiff if he alleged that he had used the invoice method of preserving PACA trust rights.

In the instant case, the Plaintiff AFCM has not alleged that it used the invoice method to preserve its PACA trust rights. Rather, Plaintiff AFCM, as an "unpaid supplier or seller" of produce, has pled that it established its PACA trust rights pursuant to 7 U.S.C.§ 499e(c)(3) by giving a written notice of intent to preserve the benefits of the trust to the Defendant ELITE FARMING AND LOGISTICS, INC. That section of PACA does not require the unpaid supplier or seller to be a PACA licensee in order to preserve PACA trust rights.

More specifically, the Plaintiff has alleged the following in Par. 26 of its Complaint: **"[O]n July 26, 2011, AFCM sent a written notice of intent to preserve PACA trust benefits in accordance with the provisions of 7 U.S.C.§ 499e(c) and 7 CFR 46.46."** [Emphasis added.]

The provisions of 7 CFR 46.46 further implement the provisions of 7 U.S.C.§ 499(c) by generally describing the provisions to be included in the notice of intent to preserve PACA trust benefits, if that method of preservation of trust benefits is used. [*See* 7 CFR 46.46(f)(1)]. This regulation also describes the general requirements for using invoice language for preservation of trust benefits by PACA licensees. [*See* 7 CFR 46.46(f)(3)]. Here, Plaintiff has alleged that it used a notice of intent to preserve its PACA trust benefits, and not an invoice. Accordingly, the Plaintiff did not need to be a PACA licensee in order to perfect its PACA trust rights.

### III. CONCLUSION

Accordingly, there is no legal basis to dismiss any of Plaintiffs' claims which are based on PACA.

Respectfully Submitted,

Dated: February 25, 2012                ANASTASSIOU & ASSOCIATES

By: ___\s_____
Effie F. Anastassiou, Esq.
Attorneys for Plaintiffs,
AFCM, INC. and FO-FARMER'S OUTLET, INC

F:\Company\AFC\Pleadings\Motion to Dismiss Complaint\Sur Reply.wpd