1   Paul Hart, Esq., SBN 237766
    Dennis Lewis, Esq. SBN 262256
2   JOHNSON, MONCRIEF, & HART, PC
    16 West Gabilan Street
3   Salinas, CA 93901
    Telephone: (831) 759-0900
4   Facsimile: (831) 759-0902

5   Attorney for Defendants John Creighton, Kent Curley and David Gattis,

6

7                         UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                               OAKLAND DIVISION

10

11  AFCM, INC., a California Corporation; and FO-)   **Case No.  CV 11-04677**
    FARMER'S OUTLET, INC., a California           )
12  Corporation,                                  )   **ANSWER OF DEFENDANTS JOHN**
                                                  )   **CREIGHTON, KENT CURLEY AND**
13                                                )   **DAVID GATTIS AND AFFIRMATIVE**
                Plaintiffs,                       )   **DEFENSES**
14                                                )
                                                  )
15  v.                                            )
                                                  )
16  ELITE GLOBAL FARMING AND                      )
    LOGISTICS, INC., a California Corporation;    )
17  RICHARD ESCAMILLA, SR., an Individual;        )
    JOHN CREIGHTON, an Individual; STEPHEN        )
18  WYRICK, and Individual; KENT CURLEY, an       )
    Individual; DAVID GATTIS, an Individual;      )
19  AMBER RIGOR, an Individual; and RICHARD       )
    ESCAMILLA, JR., an Individual,                )
20                                                )
                                                  )
21              Defendants.                       )

22

23        Defendants JOHN CREIGHTON, KENT CURLEY, and DAVID GATTIS, (hereafter

24  collectively referred to as the "Defendants"), answers the Complaint of Plaintiffs AFCM, INC.

25  ("AFCM") and FO-FARMER'S OUTLET, INC., ("FFO") as set forth below.  Unless specifically

26

27

28
                                              1

admitted, Defendants deny each of the allegations in the Complaint.

## JURISDICTION AND VENUE

1.      Defendants admit that Plaintiff AFCM attempts to assert claims under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq. ("PACA") and that this Court has federal question jurisdiction over such claims and supplemental jurisdiction over Plaintiffs' state law claims, but deny the substance of all alleged claims.

2.      Defendants admit that venue is proper in this District.

## DESCRIPTION OF PARTIES

3.      Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 3 and therefore deny the same.

4.      Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 4 and therefore deny the same.

5.      Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 5 and therefore deny the same.

6.      Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 6 and therefore deny the same.

7.      Defendants admit that Jose Escamilla is listed as a principal of Elite according to the USDA Agricultural Marketing Service's website, but lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 7 and therefore deny the same.

8.      Defendants admit that John Creighton was the sole director, shareholder, and

officer of Elite from approximately September 15, 2010 to February 9, 2011, but denies the remaining allegations of Paragraph 8.

9.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 9 and therefore deny the same.

10.     Defendants fully deny all allegations in paragraph 10.

11.     Defendants fully deny all allegations in paragraph 11.

12.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 12 and therefore deny the same.

13.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 13 and therefore deny the same.

14.     Paragraph 14 does not contain any allegations and therefore, Defendants cannot admit or deny Paragraph 14.

15.     Paragraph 15 does not contain any allegations and therefore, Defendants cannot admit or deny Paragraph 15.

**GENERAL ALLEGATIONS CONCERNING RESPONSIBLY CONNECTED PARTIES**

16.     Defendants deny that they are insiders of Elite, with actual or constructive knowledge of the provisions of PACA, the PACA trust requirements, and the provisions set forth therein.  Defendants deny that at all times relevant, they were responsible for the daily management and control of Elite, and deny that they are statutory trustees under PACA. Defendants deny that they are or were in a position to control any PACA trust assets that are the subject of this lawsuit, if there are any.  Defendants deny that they were/are responsible for the

Answer
*AFCM, Inc. et al v. Elite Global Farming and Logistics, Inc et al.*
(Case No. CV11-0466)

daily management and control of Elite and deny that they were responsible for compliance by Elite of any fiduciary duty to AFCM. As to the allegations against the remaining Defendants, these answering Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 16 and therefore deny the same.

17.    Defendants deny that any accounts receivable of Elite were ever transferred to them. As to the remaining allegations in paragraph 17, Defendants lack sufficient information to form a belief as to the truth and falsity of said allegations and therefore deny the same.

18.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 18 and therefore deny the same.

19.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 19 and therefore deny the same.

20.    Defendants deny that they have ever received monies from Elite's business revenues. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of paragraph 20 and therefore deny the same.

## FIRST CAUSE OF ACTION

### (By AFCM for Breach of Contract Against Defendant ELITE)

21.    Defendants reallege and incorporate by reference their answers to paragraphs 1 through 20.

22.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 22 and therefore deny the same.

23.    Defendants lack sufficient information to form a belief as to the truth and falsity

of the allegations of Paragraph 23 and therefore deny the same.

24.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 24 and therefore deny the same.

25.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 25 and therefore deny the same.

26.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 26 and therefore deny the same.

27.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 27 and therefore deny the same.

## SECOND CAUSE OF ACTION

### (By AFCM for Breach of Contract Against Defendant ELITE)

28.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 27.

29.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 29 and therefore deny the same.

30.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 30 and therefore deny the same.

31.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 31 and therefore deny the same.

32.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 32 and therefore deny the same.

1    33.    Defendants lack sufficient information to form a belief as to the truth and falsity

2    of the allegations of Paragraph 33 and therefore deny the same.

3    34.    Defendants lack sufficient information to form a belief as to the truth and falsity

4

5    of the allegations of Paragraph 34 and therefore deny the same.

6    **THIRD CAUSE OF ACTION**

7    **(By Plaintiff FFO For Breach of Contract Against Defendants ELITE; JOHN; and**

8    **RICHARD SR.)**

9    35.    Defendants reallege and incorporate by reference their answers to paragraphs 1

10    through 34.

11

12    36.    Defendants lack sufficient information to form a belief as to the truth and falsity

13    of the allegations of Paragraph 36 and therefore deny the same.

14    37.    Defendants lack sufficient information to form a belief as to the truth and falsity

15    of the allegations of Paragraph 37 and therefore deny the same.

16

17    38.    Defendants lack sufficient information to form a belief as to the truth and falsity

18    of the allegations of Paragraph 38 and therefore deny the same.

19    39.    Defendants lack sufficient information to form a belief as to the truth and falsity

20

21    of the allegations of Paragraph 39 and therefore deny the same.

22    40.    Defendants lack sufficient information to form a belief as to the truth and falsity

23    of the allegations of Paragraph 40 and therefore deny the same.

24    41.    Defendants lack sufficient information to form a belief as to the truth and falsity

25    of the allegations of Paragraph 41 and therefore deny the same.

26

27

28

**FOURTH CAUSE OF ACTION**

**(By Plaintiff AFCM For Breach of Contract Against Defendants ELITE and RICHARD**

**SR.)**

42.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 41.

43.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 43 and therefore deny the same.

44.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 44 and therefore deny the same.

45.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 45 and therefore deny the same.

46.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 46 and therefore deny the same.

47.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 47 and therefore deny the same.

**FIFTH CAUSE OF ACTION**

**(By Plaintiffs AFCM and FFO For Accounts Stated Against Defendant ELITE)**

48.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 47.

49.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 49 and therefore deny the same.

7

50.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 50 and therefore deny the same.

51.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 51 and therefore deny the same.

52.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 52 and therefore deny the same.

## SIXTH CAUSE OF ACTION

**(By Plaintiffs AFCM and FFO For Open Book Account Against Defendant ELITE)**

53.    Defendants reallege and incorporate by reference their answers to paragraphs 1 through 52.

54.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 54 and therefore deny the same.

55.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 55 and therefore deny the same.

56.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 56 and therefore deny the same.

57.    Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 57 and therefore deny the same.

## SEVENTH CAUSE OF ACTION

**(By Plaintiffs AFCM For Enforcement of the PACA Trust Provisions & Disgorgement Against All DEFENDANTS)**

8

58.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 57.

59.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 59 and therefore deny the same.

60.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 60 and therefore deny the same.

61.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 61 and therefore deny the same.

62.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 62 and therefore deny the same.

63.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 63 and therefore deny the same.

64.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 64 and therefore deny the same.

65.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 65 and therefore deny the same.

66.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 66 and therefore deny the same.

67.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 67 and therefore deny the same.

## EIGHTH CAUSE OF ACTION

9

**(By Plaintiffs AFCM For Violations of the PACA-Failure to Account and Pay Promptly**

**and the FAC-Failure to Make Timely Payment Against All DEFENDANTS)**

68.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 67.

69.     Defendants deny that they have failed and refused to accurately account for and make payment to AFCM for the Crops.  Defendants deny that they have breached any duty to account for any purported PACA trust assets and deny that they have diverted any said assets to themselves and/or to third parties.  Defendants lack sufficient information to form a belief as to the truth and falsity as to the remaining allegations in paragraph 69 and therefore deny the same.

70.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 70 and therefore deny the same.

71.     Defendants deny that they have wrongfully diverted or withheld any amount of money from AFCM.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 71 and therefore deny the same.

## NINTH CAUSE OF ACTION

**(By Plaintiff AFCM, Conversion Against All DEFENDANTS)**

72.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 71.

73.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 73 and therefore deny the same.

74.     Defendants deny that AFCM has repeatedly demanded turnover of any sum of

10

money from them.  Defendants deny that they have failed and refused to turnover any sum of money due and owing from Elite to AFCM.  Defendants deny that they have diverted payments of Elite's accounts receivables, any of its assets, or any amount of money to themselves or to third parties.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 74 and therefore deny the same.

75.  Defendants deny that they are guilty of any malice, fraud, oppression, and deny that AFCM is entitled to an award of punitive and exemplary damages.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 75 and therefore deny the same.

## TENTH CAUSE OF ACTION

**(By Plaintiff AFCM, for Unjust Enrichment Against All DEFENDANTS)**

76.  Defendants reallege and incorporate by reference their answers to paragraphs 1 through 75.

77.  Defendants deny that they ever transferred any portion of any PACA trust assets, if any exist, to themselves or to unknown third parties in violation of any statutory duty under PACA.  Defendants deny that they had actual or constructive notice of AFCM's PACA trust claim.  Defendants deny that they have ever converted to themselves any crops of Elite and/or AFCM and/or the proceeds derived therefrom.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 77 and therefore deny the same.

78.  Defendants deny that they have ever converted any crops or proceeds derived

therefrom and therefore deny that they have been unjustly enriched.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 78 and therefore deny the same.

79.     Defendants deny that they have been unjustly enriched in any amount. Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 79 and therefore deny the same.

## ELEVENTH CAUSE OF ACTION

### (By Plaintiff AFCM, for Constructive Trust/Disgorgement Against All DEFENDANTS)

80.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 79.

81.     Defendants deny that they induced AFCM to enter into any agreement to jointly grow crops with Elite.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 81 and therefore deny the same.

82.     Defendants deny that they took any action or made any promises with the intent to defraud AFCM and to induce AFCM to grow produce with Elite.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 82 and therefore deny the same.

83.     Defendants deny that they ever had intention to defraud AFCM and deny that they did defraud AFCM.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 83 and therefore deny the same.

84.     Defendants deny that they ever transferred any PACA trust assets of Elite, if there

are any, to themselves or to unknown third parties. Defendants deny that they ever had actual or constructive notice of AFCM's PACA trust claims against Elite. Defendants deny that they have converted for their own use and benefit any crops grown by AFCM or proceeds derived therefrom. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 84 and therefore deny the same.

85.     Defendants deny that they are in possession of any PACA trust assets belonging to AFCM. Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 85 and therefore deny the same.

86.     Defendants deny that AFCM has demanded from Defendants immediate turnover of any PACA trust assets and deny that they have refused to turnover to AFCM any PACA trust assets. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 86 and therefore deny the same.

87.     Defendants deny that they hold any PACA trust assets. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 87 and therefore deny the same.

88.     Defendants deny that they hold any PACA trust assets and deny that an accounting is necessary to determine the value of any said PACA trust assets. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 88 and therefore deny the same.

89.     Defendants deny that they hold monies, inventory, accounts receivables, or other PACA trust assets belonging to AFCM and deny that they are constructive trustees of said assets.

Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 89 and therefore deny the same.

## TWELFTH CAUSE OF ACTION

### (By Plaintiff AFCM, for Declaratory Relief Against All DEFENDANTS)

90.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 89.

91.     Defendants admit that an actual controversy does exist between the parties in that Defendants contend that they are not PACA trustees and that PACA does not require them to surrender to AFCM anything.  Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 91 and therefore deny the same.

92.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 92 and therefore deny the same.

93.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 93 and therefore deny the same.

## THIRTEENTH CAUSE OF ACTION

### (By Plaintiff AFCM, for Injunctive Relief Against All DEFENDANTS)

94.     Defendants reallege and incorporate by reference their answers to paragraphs 1 through 93.

95.     Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 95 and therefore deny the same.

96.     Defendants deny that on numerous occasions AFCM has demanded from them

14

payment for any balance allegedly due to AFCM and that Defendants have failed and refused to pay that amount. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 96 and therefore deny the same.

97. Defendants deny that they are dissipating PACA trust assets and therefore deny that they must be restrained from doing so. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 97 and therefore deny the same.

98. Defendants deny that they owe AFCM any duty under state or federal law. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 98 and therefore deny the same.

99. Defendants deny that they have dissipated and/or diverted any alleged PACA trust assets to themselves or to third parties. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 99 and therefore deny the same.

100. Defendants deny that they are diverting any alleged PACA trust assets and consequently, deny that Plaintiffs will suffer great or irreparable harm. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of Paragraph 100 and therefore deny the same.

101. Defendants lack sufficient information to form a belief as to the truth and falsity of the allegations of Paragraph 100 and therefore deny the same.

102. Defendants deny that they hold any assets subject to PACA. Defendants lack sufficient information to form a belief as to the truth and falsity of the remaining allegations of

15

Paragraph 102 and therefore deny the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and all causes of action set forth herein fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, laches, unclean hands, estoppel)

Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, unclean hands, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Revocation of Personal Guarantee)

The Third Claim for Breach of Contract against Defendant Creighton is barred because Creighton revoked the Credit Agreement pursuant to Cal. Civil Code § 2815 by resigning from Defendant Elite in February 2011, prior to the time that the obligations under the Credit Agreement were incurred, and Plaintiff AFCM had actual or constructive notice that Creighton was no longer associated with Elite.

## FIFTH AFFIRMATIVE DEFENSE

Answer
*AFCM, Inc. et al v. Elite Global Farming and Logistics, Inc et al.*
(Case No. CV11-0466)

**(Fraud and Mistake)**

The Third Claim for Breach of Contract against Defendant Creighton must be dismissed because the Credit Agreement that is the subject of the Claim was procured by fraud and mistake.

## SIXTH AFFIRMATIVE DEFENSE

### (Material Breach by Plaintiff FFO)

The Third Claim for Breach of Contract against Defendant Creighton must be dismissed because Creighton was excused from performing under the Credit Agreement that is the subject of the Claim on the basis that Plaintiff FFO materially breached the Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Commercial Impracticability/Impossibility)

The Third Claim for Breach of Contract against Defendant must be dismissed because Defendant Creighton was excused from performing under the Credit Agreement that is the subject of the Claim due to commercial impracticability and/or impossibility.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

The Third Claim for Breach of Contract against Defendant Creighton must be dismissed because Creighton did not receive any consideration for entering into the Credit Agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

The Third Claim for Breach of Contract against Defendant Creighton must be dismissed because Plaintiff FFO failed to perform all conditions precedent under the Credit Agreement.

17

Consequently, Creighton was excused from performing under the Agreement.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Give Timely Notice Under PACA)

The Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Claims arising out of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., must be dismissed because Plaintiff AFCM failed to give Defendants timely notice of its intent to preserve PACA trust rights, as required by 7 U.S.C. § 499(e)(c).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Defective Notice Under PACA)

The Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Claims arising out of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., must be dismissed because if Plaintiff AFCM did give timely notice of intent to preserve PACA trust rights, that notice failed to contain all items required by 7 CFR 46.46(f), including but not limited to the date of the transaction, the invoice price, and the terms of payment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Non-Existence of a PACA Trust)

The Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Claims arising out of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., must be dismissed because Defendants dissociated from Elite prior to the time that Elite received payment from the sale of any agricultural commodities.  Therefore, Defendants could not have received payment from any PACA trust assets, and could not have managed or controlled any PACA trust assets,

18

and are not required to disgorge any such payments.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Purchasers Without Notice of PACA Trust)

The Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Claims arising out of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., must be dismissed because any monies received by Defendants from Elite were received as bona fide purchasers for value without actual or constructive notice of the existence of any PACA trust.  As a result, Defendants are not required to disgorge any money received from Elite.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiffs' claims are barred because Plaintiffs' damages, if any, were not caused by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No damage)

Without admitting that the Complaint states a claim, there has been no damages in any amount, manner, or at all by reasons of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint, and all causes of action asserted therein, are barred, in whole or in part, because Plaintiff failed to mitigate damages, if such damages exist.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought overlapping or duplicative recovery pursuant to various claims against Defendants or others for any alleged single wrong.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

The Complaint, and all causes of action asserted therein, are barred in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Non-Entitlement to Damages)

Plaintiffs are not entitled to recover from Defendants attorney's fees, punitive damages, statutory penalties under the California Food & Agric. Code, or the interest prayed for in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Notice of Additional Affirmative Defenses)

Defendants reserve the right to allege further affirmative defenses as they become known through the course of discovery.

**WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:**

1.     That Plaintiffs take nothing by way of their Complaint;

2.     That the Complaint be dismissed with prejudice as against Defendants Creighton,

20

1      Gattis, and Curley;

2   3.      That judgment be entered in favor of Defendants Creighton, Gattis, and Curley

3           and against each and every claim asserted by Plaintiffs;

4
5   4.      For costs of suit incurred herein and reasonable attorney's fees; and

6   5.      For such other and further relief as the Court may deem just and proper.

7

8

9   Dated: April 30, 2012                              JOHNSON, MONCRIEF, & HART, PC

10

11                                                     Dennis Lewis, Esq.

12                                                     Attorney for Defendants John Creighton,
                                                       Kent Curley, and David Gattis
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28