Effie F. Anastassiou, Esq. (CSBN 96279)
Stephen J. Beals, Esq. (CSBN 226365)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Salinas, CA 93901
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiffs, AFCM, INC. and FO-FARMER'S OUTLET, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| AFCM, INC., a California Corporation; and FO-FARMER'S OUTLET, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE GLOBAL FARMING AND LOGISTICS, INC., a California Corporation; RICHARD ESCAMILLA, SR., an Individual; JOSE ESCAMILLA, an Individual; JOHN CREIGHTON, an Individual; STEPHEN WYRICK, an Individual; KENT CURLEY, an Individual; DAVID GATTIS, an Individual; AMBER RIGOR, an Individual; and RICHARD ESCAMILLA, JR., an Individual,<br><br>Defendants. | CASE NO. 4:11-CV-04677-CW<br><br>**DECLARATION OF THOMAS ANGULO IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Fed. R. Civ. P. 55 |

I, THOMAS ANGULO declare as follows:

**I.    BACKGROUND INFORMATION**

1.    I am the president of Plaintiffs AFCM, INC., a California Corporation ("AFCM"); and FO-FARMER'S OUTLET, INC., a California Corporation ("FFO") (AFCM and FFO are collectively referred to as the "Plaintiffs") in the case of *AFCM, Inc., et al. v. Elite Global Farming and Logistics, Inc., et al.*, in the United States District Court, Northern District of California, Oakland Division, Case No. 4:11-CV-04677-CW (the "Action"). As such, I have personal knowledge of the following facts to

which I could and would competently testify if called as a witness, except those matters which are alleged on information and belief.

2. On September 21, 2011, Plaintiffs filed a Complaint (the "Complaint") against ELITE GLOBAL FARMING AND LOGISTICS, INC., a California Corporation ("ELITE"); RICHARD ESCAMILLA, SR., an Individual ("ESCAMILLA, SR."); JOSE ESCAMILLA, an Individual ("JOSE ESCAMILLA"); JOHN CREIGHTON, an Individual ("CREIGHTON"); STEPHEN WYRICK, an Individual ("WYRICK"); KENT CURLEY, an Individual ("CURLEY"); DAVID GATTIS, an Individual ("GATTIS"); AMBER RIGOR, an Individual ("RIGOR"); and RICHARD ESCAMILLA, JR., an Individual ("ESCAMILLA, JR."), for Breaches of Contracts; Accounts Stated; Open Book; Enforcement of the PACA Trust Provisions and Disgorgement; Violations of the PACA – Failure to Account and Pay Promptly and the FAC – Failure to Make Timely Payment; Conversion; Unjust Enrichment; Constructive Trust/Disgorgement; Declaratory Relief; and Injunctive Relief in the Action.

## II. DEFAULT ENTERED BY CLERK

3. Default was entered by the clerk against the following defendants: ESCAMILLA, JR. on November 2, 2011 [ECF No. 16]; ELITE on November 8, 2011 [ECF No. 21]; ESCAMILLA, SR. on November 9, 2011 [ECF No. 29]; JOSE ESCAMILLA, on November 16, 2011 [ECF No. 35]; and WYRICK on November 30, 2011 [ECF No. 43]. Collectively, ESCAMILLA, JR., ELITE, ESCAMILLA, SR., JOSE ESCAMILLA and WYRICK are referred to herein as the "Defaulted Defendants".

## III. SETTLEMENT AND DISMISSAL OF CERTAIN DEFENDANTS

4. On May 8, 2012, the Plaintiffs, on the one hand, and Defendants CREIGHTON, CURLEY, GATTIS and RIGOR, on the other hand (collectively referred to herein as the "Settling Defendants"), entered into a Settlement Agreement and Release. Thereafter, the Plaintiffs and the Settling Defendants entered into a Stipulated Request for Dismissal with Prejudice (the "Stipulation"), and pursuant to said Stipulation, the Settling Defendants were dismissed *with prejudice*, by Court Order entered on May 22, 2012 [ECF No. 65]. Accordingly, as of the instant date, the only Defendants which remain in this case are the Defaulted Defendants.

## IV. DEFAULT JUDGMENT SHOULD BE ENTERED

5. The Plaintiffs are owed the following sums on the claims set forth in the Complaint,, as set forth in detail below:

A. **Default Judgment Should Be Entered In Favor Of AFCM, Inc. In The Amounts Set Forth Below**

(i) On or about late October/early November of 2010, AFCM and ELITE entered into an oral joint growing agreement (the "Agreement") whereby AFCM and ELITE agreed to jointly participate in the growing of approximately 130 acres of crops (the "Crops") for the 2010/2011 farming season in Imperial Valley, California. As a direct and proximate result of ELITE's failure to remit payments to AFCM, as of the date of the Complaint in the Action, there was due and owing and unpaid, from ELITE to AFCM, the principal sum of $167,188.43 for the Crops. A sales report (the "Sales Report") setting forth the principal amount of $167,188.43 owed to AFCM for the Crops was attached to the Complaint in the Action at **Exhibit "B"** and is also attached hereto as **Exhibit "1"** and incorporated herein by reference.

(ii). As set forth in Par. 5 in the Complaint in the Action, ELITE was in the business of growing, harvesting, marketing and selling perishable agricultural commodities in interstate commerce to buyers of produce, and was licensed under the Perishable Agricultural Commodities Act ("PACA") by the United States Department of Agriculture PACA Branch ("PACA Branch") pursuant to PACA License No. 20110756. In addition, ELITE was a California dealer of farm products, and was subject to licensure by the California Department of Food & Agriculture Market Enforcement Branch, and to the provisions of the California Food and Agricultural Code ("FAC").

(iii) As set forth in Par. 27 of the Complaint in the Action, on July 26, 2011, AFCM sent to all of the named Defendants (including the Defaulted Defendants), a written Notice of Intent to Preserve PACA Trust Benefits ("Notice of Intent") with respect to the amount of $167,188.43 owed for the Crops, in accordance with the provisions of 7 U.S.C. § 499e(c) and 7 C.F.R. 46.46. A true and correct copy of the Notice of Intent is attached hereto as **Exhibit "2"** and incorporated herein by reference. As of the date hereof, the amount of $167,188.43 owed for the Crops remains due and unpaid.

    (iv) AFCM is also entitled to recover penalties on the past due amounts for the Crops under FAC §56620, which permits AFCM to recover "a late charge of 5 percent per month of the unpaid balance calculated on a daily basis for the period of the delinquency for the first month and an additional 1 percent per month of the unpaid balance calculated on a daily basis for the remaining period of the delinquency" (herein referred to as the "FAC Penalties"), because ELITE violated the provision of FAC §§ 56302 and 56603 requiring ELITE to make timely payments for the Crops, which constituted farm products.

    (v) AFCM is also entitled to recover interest on the past due amount for the Crops under California Civil Code ("CC") § 3287(a), which authorizes an award of prejudgment interest relating to recovery of "damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day." The rate of interest to be used is specified by CC § 3289(b), which provides for interest at a rate of 10% per annum for past due amounts under a contract, if the rate is not otherwise specified.

    (vi) A spreadsheet showing the current amount due to AFCM for the Crops (the "Crops Spreadsheet"), which includes interest that has accrued on the past due amount from July 26, 2011 through May 23, 2012, at the rate of 10% ("Interest"), and also calculates the FAC Penalties on the past due amount from July 26, 2011 through May 23, 2012, is attached hereto as **Exhibit "3"** and incorporated herein by reference. As set forth in the Crops Spreadsheet, the Interest in the amount of $13,833.12, the FAC Penalties in the amount of $1,951.30, plus the principal balance of $167,188.43 for the Crops, equals a total amount of outstanding principal, Interest, and FAC Penalties of **$182,972.85**, which is due to AFCM for the Crops.

    (vii) Pursuant to the terms of the Agreement, ELITE was required to provide weeding services in connection with the growing of the Crops. Between January 2011 and March 2011, ELITE and Martin G. Velasquez, dba Vel Packer ("Vel Packer") entered into written agreements whereby Vel Packer agreed to provide weeding services to ELITE for the Crops, and ELITE agreed to pay Vel Packer the sums set forth below as consideration therefore. These agreements for Vel Packer to provide ELITE with weeding services were memorialized in writing in invoices (the "Vel Packer Invoices"),

true and correct copies of which are attached to the Complaint in the Action at **Exhibit "C"** and which are also attached hereto as **Exhibit "4"** and incorporated therein by reference. As of the date of filing of the Complaint, the principal sum of $122,005.60 was due and owing and unpaid pursuant to the Vel Packer Invoices.

  (viii) Effective as of August 31, 2011, Vel Packer assigned, and AFCM accepted the assignment of, all of Vel Packer's rights, title, and interest to collect the monies due to Vel Packer pursuant to the Vel Packer Invoices (the "Assignment"). A true and correct copy of the Assignment was attached to the Complaint in the Action as **Exhibit "D"** and is also attached hereto as **Exhibit "5"** and incorporated herein by reference.

  (ix) As a direct and proximate result of ELITE's failure to remit the payments owed pursuant to the Vel Packer Invoices, as of the date hereof there is due and owing and unpaid, from ELITE to AFCM, as the assignee of Vel Packer, the sum of $122,005.60.

  (x) AFCM is also entitled to recover interest on the past due amount under the Vel Packer Invoices under CC § 2387(a), which authorizes an award of prejudgment interest relating to recovery of "damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day." The rate of interest to be used is specified by CC § 3289(b), which provides for interest at a rate of 10% per annum for past due amounts under a contract, if the rate is not otherwise specified.

  (xi) A spreadsheet showing the calculations of the interest that has accrued on the Vel Packer Invoices (the "Vel Packer Spreadsheet") from the date that each of the Vel Packer Invoices was due until May 23, 2012 is attached hereto as **Exhibit "6"** and is incorporated herein by this reference. A total of $122,005.60 in principal amount is owed for the Vel Packer Invoices, plus a total of $18,929.44 in accrued interest, as shown on the Vel Packer Spreadsheet, for a total outstanding amount of **$140,935.04** owed for the Vel Packer Invoices to AFCM.

  (xii) AFCM rented irrigation pipe (the "Pipe") from the owner of the Pipe, which Pipe was used to water the Crops being jointly grown by AFCM with Elite. During the time period between November 2010 and March 2011, while Elite was harvesting the Crops, a worker for ELITE ran over

portions of the Pipe with a vehicle and/or a tractor, causing serious damage to the Pipe. True and correct copies of photographs taken by AFCM showing the damage caused to the Pipe by ELITE's harvest worker are attached as **Exhibit "H"** to the Complaint in the Action and are also attached hereto as **Exhibit "7"** and incorporated herein by reference.

(xiii) The Pipe was subsequently repaired at a cost of $4,890.40. A true and correct copy of the invoice and the check paid by AFCM to repair the Pipe is attached hereto as **Exhibit "8"** and incorporated herein by reference. In Paragraph 45 of the Complaint in the Action, AFCM had previously stated that the Pipe repair was estimated to cost $5,197.50, plus tax, based on the estimate AFCM received because the Pipe had not yet been repaired on the date the Complaint was filed.

(xiv) On or about May 17, 2011, ESCAMILLA, SR. verbally acknowledged to me that ELITE was at fault for the damages caused to the Pipe and agreed that RICHARD SR. and ELITE would be responsible to pay for the damages caused to the Pipe by ELITE's harvest worker. To date, AFCM has not received any such payment to repair the damages caused to the Pipe by ELITE's harvest worker.

(xv) AFCM is also entitled to recover interest on the past due amount under the Invoice for the Pipe repair under CC § 2387(a), which authorizes an award of prejudgment interest relating to recovery of "damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day." The rate of interest to be used is specified by CC § 3289(b) which provides for interest at a rate of 10% per annum for past due amounts under a contract, if the rate is not otherwise specified.

(xvi) A spreadsheet showing the calculations of the current amount due to AFCM for the Pipe (the "Pipe Spreadsheet"), which includes interest in the amount of $226.43 on the past due amount owed for the Pipe from December 6, 2011 (the date the Pipe repair was paid for) thru May 23, 2012, at the rate of 10% per annum, for a total of **$5,116.83** for the Pipe repair, is attached hereto as **Exhibit "9"** and is incorporated herein by this reference.

    **B.**    **Default Judgment Should Be Entered In Favor Of FFO In The Amount Set Forth Below.**

    (i) Between March 2011 and June 2011, ELITE and FFO entered into written agreements whereby FFO agreed to sell produce packaging (the "Packaging") to ELITE, and ELITE agreed to pay FFO the sums set forth below as consideration therefore. These agreements for ELITE to purchase the Packaging from FFO were memorialized in writing in invoices (the "FFO Invoices"), true and correct copies of which were attached to the Complaint in the Action at **Exhibit "E"** and which are also attached hereto as **Exhibit "10"** and incorporated herein by reference. As indicated on the FFO Invoices, in the event that the FFO Invoices were not paid in full within 30 days of the date of the FFO Invoices, a late charge of 1.5% per month would be applied. As of the date of the Complaint, there was due and owing the principal sum of $47,303.95 for the FFO Invoices.

    (ii) On or about June 3, 2011, ESCAMILLA, SR. personally orally agreed to a payment plan to pay off the amount owed by ELITE to FFO pursuant to the FFO Invoices by making weekly payments of $9,827.74 to FFO via cashier's check. This oral guaranty agreement ("Oral Guaranty") was memorialized in writing by FFO via email sent by FFO to RICHARD, SR. on June 3, 2011, a true and correct copy of which was attached as **Exhibit "G"** to the Complaint in this Action and which is also attached hereto as **Exhibit "11"** and incorporated herein by reference. Although some payments were initially made pursuant to the Oral Guaranty, no payments have been made since June 13, 2011, and as of the date hereof, the total principal sum of $47,303.95 is owed pursuant to the FFO Invoices.

    (iii) An updated spreadsheet (the "Packaging Spreadsheet") showing the calculations of the current amount due to FFO for the FFO Invoices, which includes late charges for the FFO Invoices at the rate of 1.5% per month through May 23, 2012 is attached hereto as **Exhibit "12"** and is incorporated herein by this reference. The Packaging Spreadsheet shows the current total amount owed on FFO invoices, including late charges, is **$53,603.07**.

  6. The Defaulted Defendants are responsibly connected to ELITE under PACA, as set forth below:

    **A.** **JOSE ESCAMILLA Is Responsibly Connected to Elite**

During the course of discovery in the Instant Action, I learned that effective as of February 9, 2011, JOSE ESCAMILLA became the beneficial owner of 100% of the issued and outstanding stock of ELITE, and also became the President of ELITE as of February 9, 2011. A true and correct copy of the Stock Purchase Agreement relating to the acquisition of stock ownership by JOSE ESCAMILLA in ELITE is attached hereto as **Exhibit "13"** and incorporated herein by reference.

### B. WYRICK, ESCAMILLA, SR., ESCAMILLA, JR., And JOSE ESCAMILLA Are Responsibly Connected To ELITE

During the course of the dealings of AFCM and FFO with ELITE, I was repeatedly told that ELITE was being managed and controlled by WYRICK, ESCAMILLA, SR., ESCAMILLA, JR., and JOSE ESCAMILLA, and that those persons were the ones in charge of of the operations of ELITE, and of approving and authorizing payments made by ELITE to third parties, such as AFCM and ELITE.

7. In accordance with the prayer set forth in the Complaint in the Action, the following amounts are owed to AFCM by each of the Defaulted Defendants.

(a) ELITE: Total of **$329,024.72**, which includes all amounts owed for the Crops, the Vel Packer Invoices and for the Pipe.

(b) ESCAMILLA, SR.: Total of **$188,089.68**, which includes all amounts owed for the Crops and the Pipe.

(c) JOSE ESCAMILLA: Total of **$182,972.85**, which includes all amounts owed for the Crops.

(d) WYRICK: Total of **$182,972.85**, which includes all amounts owed for the Crops.

(e) ESCAMILLA, JR.: Total of **$182,972.85**, which includes all amounts owed for the Crops.

8. In accordance with the prayer set forth in the Complaint in the Action, the following amounts are owed to FFO by each of the Defaulting Defendants named below:

(a) ELITE: Total amount of **$53,603.07**, which includes all amounts owed for the FFO Invoices.

(b) ESCAMILLA, SR.: Total amount of **$53,603.07**, which includes all amounts owed for the FFO Invoices.

1   I declare under penalty of perjury under the laws of the State of California and the laws of the
2   United States that the foregoing is true and correct, except that portion which I stated based on my
3   information and belief, and as to those portions I believe them to be true.
4   Executed this 24th day of May, 2012, at Holtville, California.

AFCM, INC., and FO-FARMER'S OUTLET, INC.

By: _____
Thomas Angulo, Declarant

F:\AFC\Pleadings\Motion for Default Judgment\Declaration of TOM ANGULO.wpd