**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Of Counsel**
STEPHEN J. BEALS
steveesq@salinasaglaw.com

**Carmel Branch Office**
Torres 2NW 6th
Carmel, CA 93921
Tel. (831) 626-6400
Fax. (866) 624-7746
*All correspondence must
be sent to Salinas Office

**Anastassiou & Associates
Attorneys at Law**



SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

July 18, 2012

**By ECF Filing and U.S. Mail:**
Hon. Claudia Wilken
United States District Court, Northern District of California
1301 Clay Street
Oakland, CA 94612

RE: **AFCM, Inc., et al. v. Elite Global Farming and Logistics, Inc., et al.**
**Case No. CV-11-04677-CW-*EDL***

    I am the attorney of record for Plaintiffs AFCM, Inc. and FO-Farmer's Outlet, Inc. (collectively, the "Plaintiffs") in the above referenced matter. This letter is in response to an email sent to this Court on July 16, 2012 by a defaulting defendant, Mr. Stephen Wyrick ("Mr. Wyrick"), in the above referenced matter (the "Email"). A true and correct copy of the Email is attached hereto as **Exhibit "A"** and incorporated herein by reference. In an abundance of caution, although an email request for relief from entry of default does not comply with the Federal Rules of Civil Procedure, I thought it would be prudent to respond to the request by letter.

**I.**     **Relevant Facts**:

    Mr. Wyrick was personally served with the summons and complaint in this case on November 2, 2011 and a Proof of Service of Summons was filed with this Court accordingly on November 4, 2011.[1] Mr. Wyrick did not respond to the summons and complaint as required under Rule 12 of the Federal Rules Civil Procedure.

    On November 28, 2012, Plaintiffs filed a Motion for Entry of Default as to Mr. Wyrick

---

[1] ECF No. 17.

(the "Motion for Default").[2] The Motion for Default was served on Mr. Wyrick by U.S. Mail on November 28, 2011 to Mr. Wyrick's home address of 3376 Cienega Road, Hollister, CA 95023 (the "Cienega Road Address") and a Certificate of Service was filed with this Court accordingly.[3] Default was entered by the Clerk on November 30, 2011.[4] Plaintiffs served a copy of the Clerk's entry of default on Mr. Wyrick via U.S. Mail on November 30, 2011 to the Cienega Road Address and a Certificate of Service was filed with this Court accordingly.[5]

On May 25, 2012, Plaintiffs filed a Motion for Entry of Default Judgment as to all defaulted defendants in this case, including, but not limited to, Mr. Wyrick (the "Motion for Default Judgment").[6] The Motion for Default Judgment was served on Mr. Wyrick on May 25, 2012 via U.S. Mail to the Cienega Road Address and a Certificate of Service was filed accordingly.[7] No party to this action filed any opposition to the Motion for Default Judgment.

On June 5, 2012, Magistrate Judge Laporte filed an order setting the Motion for Default Judgment for hearing on July 10, 2012.[8] Plaintiffs served a copy of this order on Mr. Wyrick at the Cienega Road Address on June 5, 2012 and a Certificate of Service was filed with this Court accordingly.[9]

On July 5, 2012, Mr. Wyrick call me on the telephone at my law office. He inquired about the default judgment hearing scheduled for July 10, 2012 and asked how he could be liable for the Elite Global Farming and Logistics, Inc. ("Elite") debt when he was just an "employee", and not an owner or officer. I told him that he did not need to have a formal title to be deemed "responsibly connected" under the Perishable Agricultural Commodities Act.[10] I told him that my clients, as well as other defendants in the case, had given me

---

[2] ECF No. 41.

[3] ECF No. 41-2.

[4] ECF No. 43.

[5] ECF No. 44.

[6] ECF No. 68.

[7] ECF No. 68-5.

[8] ECF No. 70.

[9] ECF No. 72.

[10] See *Andrew Smith Company v. Paul's Pak, Inc.*, 2009 U.S. Dist. LEXIS 65509, *4 (N.D. Cal. 2009).

evidence that he was the person in charge of Elite.

During my phone call with Mr. Wyrick on July 5, 2012, he did not mention anything about a new address or not having received any of the documents which were previously served on him in this case.

The hearing on the Motion for Default Judgment was heard as scheduled on July 10, 2012 and I appeared telephonically on behalf of the Plaintiffs. No other parties to this case appeared at the hearing on the Motion for Default Judgment. At the hearing, Judge Laporte indicated that she would recommend that default judgment be entered against all of the defaulting parties, Mr. Wyrick included, as requested by Plaintiffs. On July 10, 2012 Judge Laporte filed her Report and Recommendation stating this recommendation.[11] On July 10, 2012 Plaintiffs served a copy of Judge Laporte's Report and Recommendation on Mr. Wyrick via U.S. Mail to his Cienega Road Address.[12]

In his July 16, 2012 Email, Mr. Wyrick has asked this Court to dismiss him from this lawsuit because although he admits that <u>he was served</u> with the lawsuit, he thought one of the other defendants, Richard Escamilla, Sr., would take care of having him removed from the lawsuit. Mr. Wyrick also states in the Email that because his house (located at the Cienega Road Address I assume) was foreclosed upon in May of 2012, he "never received any of the paperwork" until just days before a default judgment was scheduled to be entered. He also raises certain defenses to the lawsuit, specifically, that he was not an owner or board member of Elite.

As set forth above, it is clear that Mr. Wyrick was personally served with process and also served with default documents in November of 2011, long before he claims his house was foreclosed upon. Also, since he called my office on July 5, 2012, it is clear he had notice of the default judgment hearing at least 5 days before the hearing, yet failed to any legal action prior to the hearing.

## II.   The Law:

Entry of Default was entered by the Clerk on November 30, 2011 pursuant to FRCP 55(a). Entry of default terminates a defendant's right to appear in an action and the Clerk can no longer accept any papers filed by the defendant, except a motion for relief from the entry of default for "good cause" shown, pursuant to FRCP 55(c).[13] Based on the foregoing authority, the Email should not be considered by the Court.

---

[11] ECF No. 76.

[12] ECF No. 77.

[13] See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696-697 (9th Cir. 2001).

In addition, it should be noted that unless a motion for relief from entry of default is entered in Mr. Wyrick's favor, the time for him to assert any alleged defenses to the merits of the Complaint have passed, such as his arguments that he is not responsibly connected to Elite. At this point in the proceedings, factual allegations in the Complaint, except those relating to the amount of damages, are deemed admitted.[14] Therefore, the defenses raised in the Email are improper and must be ignored.

In conclusion, Mr. Wyrick's Email was improperly filed, and raises issues that should no longer be considered by this Court.

Sincerely,

ANASTASSIOU & ASSOCIATES

By: _____
Effie F. Anastassiou, Esq.,
Attorneys for Plaintiffs, AFCM, Inc., and
FO-Farmer's Outlet, Inc.

CC: Hon Elizabeth D. Laporte (By E-Mail and U.S. Mail)
450 Golden Gate Avenue
San Francisco, CA 94102
edlcrd@cand.uscourts.gov

Mr. Stephen Wyrick (By E-Mail and U.S. Mail)
3376 Cienega Rd
Hollister, CA 95023
wyrick831@yahoo.com

AFCM, Inc. (By Email Only)

FO-Farmer's Outlet, inc. (By Email Only)

F:\AFC\Correspondence\07.18.12 Letter to Judge re Objection to Default Judgment Motion.wpd

---

[14] See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987)

EXHIBIT A

## Katie Brandt

| | |
|---|---|
| From: | Effie Anastassiou Esq. |
| Sent: | Monday, July 16, 2012 11:38 AM |
| To: | Katie Brandt |
| Cc: | Anthony Piedra; steve@stephenbeals.com; Steve Beals |
| Subject: | FW: case number 4:11-cv-04677-CW |

-----Original Message-----
From: Kristen_Seib@cand.uscourts.gov [mailto:Kristen_Seib@cand.uscourts.gov]
Sent: Monday, July 16, 2012 11:06 AM
To: tiffany wyrick
Cc: Effie Anastassiou Esq.
Subject: Re: case number 4:11-cv-04677-CW

Good morning Mr. Wyrick,

I am sorry, but I cannot tell you whether the objection was written correctly or not. That would be legal advise and I cannot provide that. I can, however, let you know that the objection needs to be filed with the District Judge, Judge Wilken in Oakland as she is the judge who is presiding over this case.

I have cc'ed Plaintiff Counsel, Effie Anastassiou, as the Court does not engage in ex-parte communications.

Thank you,

Kristen Seib,
Courtroom Deputy to
Judge Elizabeth D. Laporte
United States District Court
Northern District of California
415-522-3694


| | |
|---|---|
| From: | tiffany wyrick <wyrick831@yahoo.com> |
| To: | "Kristen_Seib@cand.uscourts.gov" <Kristen_Seib@cand.uscourts.gov>, me <wyrick831@yahoo.com> |
| Date: | 07/16/2012 10:32 AM |
| Subject: | case number 4:11-cv-04677-CW |

Good morning,

1

Thank you so much for helping me  when we spoke last week regaurding the default judgment that was about to me entered against me. I have not been able to get anyone from the help line to call me back so I wrote this letter for the judge explaining why I should not be named in this lawsuit.
Is there anything else you see that I need to include or add before mailing this to the court? Im not a lawyer and Im sure there is some kind of special format for this but I did my 'regular guy' best. This is very important to me and I do not want to have a 180k judgement against me! The address I was going to overnight fed ex this letter to is:

Judge Elizabeth LaPorte
450 Golden Gate Avenue
San Francisco, Ca. 94102

I this the address I should use? Thank you so much for your time in assisting me!!

Stephen Wyrick


Case Number 4:11-cv-04677-CW



AFCM, INC

v.

Elite Global Farming



TO ALL PARTIES AND COUNCEL FOR THE RECORD:


     When I was originally served for this lawsuit I spoke to my former employer, Richard Escallia Sr. and he told me he would take care of having me removed from the action, come to find later, he never did. My family and I lost our home to foreclosure in May 2012 and moved to a new home. As it takes a long time for my mail to be forwarded and be delivered so I was never served any paperwork at our new home until just days before a default judgment was scheduled to be entered.  I was never an owner or even a board member of Elite Global, I was only an employee. My job was in sales and production and not an owner, decision maker, or responsible party for any contract elite was engagded in. I have been, and continue to be in active bankrupcy since 2010 and cannot afford a lawyer to represent me on a matter to which I am not the responsible party. Please dismiss me from this lawsuit, as I was simply and employee of Elite Global Farming and Logistics.


Thank You,

Stephen Wyrick

2