UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



AFCM, INC., a California Corporation; and
FO-FARMER'S OUTLET, INC., a
California Corporation,

Plaintiffs,

v.

ELITE GLOBAL FARMING AND
LOGISTICS, INC., a California
Corporation; RICHARD ESCAMILLA, SR.,
an Individual; JOSE ESCAMILLA, an
Individual; JOHN CREIGHTON, an
Individual; STEPHEN WYRICK, an
Individual; KENT CURLEY, an Individual;
DAVID GATTIS, an Individual; AMBER
RIGOR, an Individual; and RICHARD
ESCAMILLA, JR., an Individual,

Defendants.

Case No. 11-04677

**MOTION TO VACATE AND SET
ASIDE; MOTION TO DISMISS;
MOTION FOR SUMMARY
JUDGEMENT**

**MOTION TO VACATE AND SET ASIDE DEFAULT JUDGEMENT:**

- **The Default Must Be Vacated and Set Aside As the Filing and Prosecution of This Action and the Entry of Default Violates the Bankruptcy Automatic Stay (11 U.S.C. 362) and Are Null And Void as A Matter of Law (Federal Rule of Civil Procedure 60).**

    The default, and any related default judgment, must be set aside As such violates the bankruptcy code's automatic stay (11 U.S.C. 362)) and is void as a matter of law.

    I filed for bankruptcy on January 11, 2011(United States Bankruptcy Court (ND CA) Case # 11-50240) and the bankruptcy remains pending. All legal actions, including the commencement or continuation of any legal actions against the bankrupt debtor relating to acts to collect, assess, or recover a claim that arose before commencement of the case, are stayed. The automatic stay applies to all creditors, whether or not they are aware of the bankruptcy or are listed as a creditor. All actions taken in violation of the bankruptcy's automatic stay are null and void.

    This action, as reflected in the exhibit to the complaint, seeks to enforce claims against me that arose before the commencement of the bankruptcy case.

    Therefore, as a matter of law, the default, and any related default judgment, violate the bankruptcy's automatic stay, are null and void, and must be vacated and set aside. The court lacks jurisdiction over the bankruptcy.

- **Good Cause Exist To Vacate And Set Aside The Default.**

    The default, and any related default judgment, should be vacated and set aside because they are void as they were improperly entered in violation of the bankruptcy's automatic stay and are beyond the court's jurisdiction or good cause exist because I understood the matter was subject to the bankruptcy and bankruptcy's automatic stay, was handled by the bankruptcy and by Elite Global, and I have no liability to plaintiff in this matter.

    As part of the bankruptcy process I was informed that all legal actions against me would stayed, would be subject to the bankruptcy court's jurisdiction and process, and if pursued then that would violate the automatic stay. Therefore, upon receipt of the complaint I assumed the matter was subject to the bankruptcy's automatic stay and bankruptcy process and no action was required. In addition, upon receipt of the complaint I turned it over to Elite Global, which was simply my employer, so it was aware of the matter and could take care of it as necessary. Elite Global, which was aware of my bankruptcy filing, assured me that it would take care of the matter. Had there been any prior indication that this action was not subject to the bankruptcy's automatic stay or bankruptcy court jurisdiction or that Elite Global was not handling it, I would have immediately addressed the matter with my then counsel (one for an unrelated state court matter and one for my bankruptcy). If a relief from stay had been granted, and I had proper service, I would have addressed this complaint immediately upon my knowledge.

    I did not receive any further documentation regarding this matter until mid-July when I learned that notwithstanding my pending bankruptcy, the bankruptcy's

automatic stay, and assurance from Elite Global, plaintiff was continuing to assert claims against me in this lawsuit, a default was entered, and Plaintiff was pursuing a default judgment. As soon as I discovered that the bankruptcy's automatic stay was being violated and a default judgment was being considered, I called counsel for the plaintiff to explain that I had filed bankruptcy--she informed me it was too late for me to do anything regarding the default or stop the default judgment. I then contacted the court and filed an objection on my behalf.

Not only is the complaint subject to my pending bankruptcy, I do not have any liability to any of the claims asserted against me. As discussed below, I was simply an employee of Elite Global and did not have any of the duties or responsibilities associated with a PACA claim. No prejudice will result from vacating or setting aside the default or any default judgment and letting the bankruptcy court handle the matter and me defend myself from this meritless claim. I have been diligently working on my own behalf to show the court that I take this action very seriously.

> I spoke with Richard Escamilla Sr. who ensured me he would have me removed from this complaint as he knew I should not be named as I was only an employee. Apparently he did not take sufficient, if any action.
> I lost my residence to foreclosure, had to leave the property, and therefore had a change of address. My mail was not forwarded to my new address until mid-July 2012. As discussed above, upon receiving a stack of legal correspondence well after the dates to which I was to respond, I immediately called the plaintiffs' counsel and then the court to explain that I had no knowledge a default was entered and a default judgment was pending due to the fact I had filed bankruptcy, had changed addresses, and hadn't received subsequent notices relating to this matter. In fact legal correspondence from the plaintiffs' counsel continues to go to the wrong address even though they have been given the correct address several times.

The claimed default and request for default judgment seek a substantial sum from me and I have defenses to any and all liability, liability which appears to be based solely on a single allegation that someone was told by someone that I was a manager and/or direct or indirect owner of Elite Global. As discussed below, I was never a manager or any kind of owner of Elite Global.

**MOTION TO DISMISS:**
> **This case should be dismissed because it violates the bankruptcy's automatic stay and is null and void, is subject to the bankruptcy process, and there is absolutely no merit to the claim that I was an shareholder, officer, director, or owner of Elite Global.**

As an employee of a small produce company my job entailed various tasks. I told the field workers what to do each day, answered the telephone, made sales calls to sell products, made daily lists of what was sold and harvested, looked at quality of product of the field as it grew, looked at product before it was shipped to ensure quality, and reported to my boss Richard

Escamilla Sr. of daily sales totals and daily harvest totals. I was a field worker, an office worker, made sales calls, and dealt with trucks picking up orders.

My job as an employee of Elite Global did not include handling monetary decisions, any control in making decisions on Elite Global's contracts or agreements, managing Elites Global's monies, or have any knowledge of how Elites monies were being dispersed. I did not have access to files which involved accounts payable nor was I authorized to sign checks. I did not know which accounts were being paid and which were not. I was never an owner, shareholder, officer, director, or manager; only a paid employee doing jobs asked of me by the Escamillas, who I thought owned all or part of the company. As a testament to the fact I had no knowledge of Elite Global's finances, I, along with many other employees were unable to cash our pay checks from October 2011 to December 2011. In fact, to date Elite still owes me in excess of $15,000 of pay that I was never able to cash due to insufficient funds. If I would had any knowledge Elite Global was not going to make good on its promises, which included its employees, I would left the company instead of working for two months with no pay.

I did not have control, manage, handle finances, own, run, have shares in, hold an officers' position, have decision making power, or make decisions for Elite produce. Under the laws of PACA I was not a managing party of Elite in any capacity and therefore cannot be held responsible under the laws of PACA.

**MOTION FOR SUMMARY JUDGEMENT:**

I move for a motion for summary judgment and to be released of all liability in this case.
1. Under the laws of bankruptcy the initial complaint and all subsequent actions thereafter are in violation of the bankruptcy's automatic stay (11 U.S.C. 362) and is null and void and is beyond this court's jurisdiction.
2. I had good cause to believe that the ACFM complaint was stayed within bankruptcy codes, as all other litigation against me immediately stopped upon filing bankruptcy on January 11, 2011, and was subject to the bankruptcy process.
3. I was not given proper service and the time to which I could defend against this complaint. All legal service from the plaintiffs' were sent to, and continues to be sent to 3376 Cienega Rd, Hollister, CA. 95023, while my proper address for service is 113 Best Rd. Hollister, Ca. 95023.
4. I was not a manager, general manager, and person in charge, controller, officer, shareholder, owner, or a decision maker for Elite Global. I was only an employee with no decision maki9ng powers in Elite Global. Under the laws of PACA I should be released from liability in this complaint.

I Stephen Wyrick declare under penalty of perjury and under the laws of California and The United States the forgoing to be true and correct.

Executed this 7th of August, 2012 at Hollister, California.

_____
Stephen Wyrick, Declarant

MEANSNO, Salinas, 727OBJ

# U.S. Bankruptcy Court
## Northern District of California (San Jose)
### Bankruptcy Petition #: 11-50240

*Date filed:* 01/11/2011

*Assigned to:* Judge Stephen L. Johnson
Chapter 7
Voluntary
No asset

*Debtor*
**Stephen Frank Wyrick**
3376 Cienega Rd.
Hollister, CA 95023
SAN BENITO-CA
SSN / ITIN: xxx-xx-3043

represented by **Kari Silva Bowyer**
Campeau Goodsell Smith
440 N 1st St. #100
San Jose, CA 95112
(408) 295-9555
Email: ksilva@campeaulaw.com

*Joint Debtor*
**Tiffany Lynn Wyrick**
3376 Cienega Rd.
Hollister, CA 95023
SAN BENITO-CA
SSN / ITIN: xxx-xx-6170

represented by **Kari Silva Bowyer**
(See above for address)

*Trustee*
**Audrey Barris**
2130 Fillmore St. #322
San Francisco, CA 94115
(415) 875-9228

represented by **Barry Milgrom**
McKenna Long and Aldridge LLP
121 Spear St. #200
San Francisco, CA 94105
(415)356-4600
Email: bmilgrom@mckennalong.com

*U.S. Trustee*
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004
( )

*Trustee Attorney*
**Luce, Forward, Hamilton & Scripps LLP**
121 Spear Street, Suite 200
San Francisco, CA 94105
415-356-4600

Notice of service

**Via US Mail:**

Richard Escamilla, Sr,

Elite Global Farming

635 South Sanborn Place, Ste. 6

Salinas, Ca. 93901

**Via US Mail**

Anastassiou & Associates

PO Box 2210

Salinas, Ca. 93902

**Via US Mail**

Mr. Jose Escamilla

635 South Sanborn Place, Ste 6

Salinas, Ca. 93901

**Via US Mail**

Richard Escamilla Jr.

635 South Sanborn Place, Ste. 6

Salinas, Ca. 93902